Zimmerman, J.
 

 This proceeding was based on Section 10506-67, General Code, which provides that upon complaint made to the Probate Court by an interested person against a fiduciary or other person suspected of having concealed, embezzled or conveyed away or of being or having been in the possession of any moneys, things in action or effects belonging to a trust estate, such court shall cite the person so suspected forthwith to appear before it to be examined, on oath, touching the matter of the complaint.
 

 We think the petition and the evidence produced present a case within the contemplation of this section. On the original hearing in the Probate Court, plaintiff offered evidence tending to show that Hodes had borrowed the sum of $4,000 from Edward A. Morrison in April of 1932, for which Hodes gave Morrison his promissory note; and that after Morrison’s death, when Hodes became administrator of his estate, Hodes extracted the note from Morrison’s papers and thereafter concealed or disposed of it, and further concealed the fact of his indebtedness to the estate.
 

 On the witness stand, Hodes readily admitted having-received a draft from Morrison for $4,000 in April of 1932 and having cashed it. However, he maintained that Morrison had instructed him orally at the time of the delivery of the draft to hold the proceeds in trust for distribution, after Morrison’s death, in different amounts among various persons designated by Morrison, which Hodes stated he had done or was in the process of doing.
 

 Thus, concealment of a promissory note belonging to the Morrison estate and failure on the part of Hodes
 
 *563
 
 to divulge his indebtedness to tbe estate were vital matters in issue.
 

 Although Sections 10506-67 and 10506-73, General Code, were involved in the case of
 
 Goodrich, Admr.,
 
 v.
 
 Anderson,
 
 136 Ohio St., 509, 26 N. E. (2d), 1016, it differs from the instant one. The principal question before the court in that case was the admissibility of evidence in the Court of Common Pleas as to the mental capacity of William H. Anderson when he delivered certain promissory notes to his son. In the opinion the statement is made:
 

 “While the authority of the court under such a proceeding is very broad for the purpose of discovering concealed or embezzled assets, it is not broad enough to litigate all the issues in the instant case, where the ultimate objective is a money judgment
 
 and where there has been no concealment of
 
 assets.” (Emphasis ours.)
 

 It is to be noted that Hodes did not object to the proceeding as instituted. Moreover, Section 10501-53, General Code, gives the Probate Court plenary power at law or in equity to dispose of any matter properly before it, unless such power is expressly limited or denied by statute; and by the provisions of Section 10506-73, General Code, the Probate Court may hear and determine questions pertaining to title in a proceeding begun under Section 10506-67, General Code.
 

 In our opinion the present proceeding was properly maintainable and was within the jurisdiction of the Probate Court.
 

 Three questions remain for determination:
 

 1. Hid the Court of Common Pleas have jurisdiction of the proceeding when it erroneously entertained the appeal on questions of law only?
 

 2. Could the proceeding instituted against Hodes be revived in the. name of his. executrix?
 

 3: .(Was .the transcribed but unsigned, testimony'of
 
 *564
 
 Modes and other witnesses, given' upon the original hearing before the Probate Court, admissible at the second hearing before such court in view of Sections 10506-70 and 10506-71, General Code, Modes having died and other witnesses not being available!
 

 The first question should be given an affirmative answer. An appeal was duly taken by the plaintiff on questions of law and fact from the Probate Court to the Court of Common Pleas. The latter court had jurisdiction of the subject matter and of the parties. There was no objection to the action of the court in considering the appeal on questions of law only Those concerned actively participated in the proceeding in the Court of Common Pleas, and no appeal was taken from the judgment of that court. Under these circumstances, the claim cannot effectively be made that the Court of Common Pleas was without jurisdiction or that its judgment was invalid. See
 
 Drake et al., Trustees,
 
 v.
 
 Tucker,
 
 83 Ohio St., 97, 93 N. E., 534;
 
 Trumbull Savings & Loan Co.
 
 v.
 
 Saviers,
 
 115 Ohio St., 403, 154 N. E., 317.
 

 As to the second question, Section 11397, General Code, reads:
 

 “Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party. ’ ’
 

 While a proceeding brought under Section 10506-67, General Code, has been characterized as g«asi-criminal, because a finding of “guilty” or “not guilty” is required and because a penalty is imposable upon a finding of “guilty”
 
 (Goodrich, Admr.,
 
 v.
 
 Anderson, supra),
 
 still arrest and imprisonment are not provided for, and the same, objections to the survival of a proceeding of this kind do not obtain as would, in a bas
 
 *565
 
 tardy proceeding, for instance, where the defendant dies. See 7 American Jurisprudence, 691, Section 100.
 

 Bastardy proceedings, while often denoted as
 
 quasi-
 
 criminal in nature, are largely controlled by the Code of Civil Procedure. 5 Ohio Jurisprudence, 545, Section 5. Section 10501-22, General Code, makes the Code of Civil Procedure applicable to proceedings in the Probate Court, and no convincing or compelling reason is' apparent why such* code should not govern a proceeding brought under Section 10506-67, General Code.
 

 By Section 8, Article IV of the Constitution of Ohio, and by virtue of statutory provisions, notably Section 10501-53, General Code, the jurisdiction of the Probate Court in matters pertaining to the administration of trust estates and the control of fiduciaries is wide and comprehensive in scope.
 

 Undoubtedly the Probate Court has jurisdiction of the subject matter of the present proceeding, and the ■ question is still open as to whether Hodes concealed or had in his possession an asset belonging to the Morrison estate, which he failed to produce, divulge or account for. If it is determined that he did, we see no good reason why his estate should not be held accountable for his dereliction. Therefore, in our opinion the proceeding did not abate upon Hodes’ death and it's revivor by the substitution .of the executrix — his personal representative — was proper, even though a proceeding in the form adopted could not originally have been instituted against the executrix.
 

 As to the third question, Section 10506-70, General Code, provides:
 

 “Such examination [authorized by Section 10506-67, General Code], including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the court before which they were taken.”
 

 Section 10506-71, General Code, contains a similar provision as to witnesses.
 

 
 *566
 
 We think the sections just mentioned are directory and not mandatory, within the principles announced by this court in the case of
 
 Miller
 
 v.
 
 Busick,
 
 56 Ohio St., 437, 47 N. E., 248. The
 
 Miller case
 
 involved a bastardy proceeding commenced before a justice of the peace. Section 5615, Revised Statutes, then in. force (now Section. 12112, General Code), read:
 

 “ * *
 
 *
 
 examination of the complainant by the justice, the questions of the defendant, and the answers thereto by the complainant shall be reduced to writing, in the presence of the justice, and subscribed by the complainant.”
 

 The complainant was examined under oath and such examination was reduced to writing by the justice and certified by him and filed, but was not signed by the complainant. At the trial in the Court of Common Pleas, the examination before the justice was offered and received over objection and exception. A verdict and judgment for the plaintiff was affirmed by the Circuit Court.
 

 In affirming the judgment of the latter court, the language of this court in its opinion was to the effect that there could be no real doubt as to the genuineness of the examination, and to hold that the absence of the complainant’s signature was a fatal defect would be the extreme of technicality; the requirement that the examination shall be subscribed by the complainant “may well be held to be directory merely.”
 

 Whether a statute is mandatory or merely directory depends on the intention of the General Assembly as disclosed by the nature, the object and the context of the act. 37 Ohio Jurisprudence, 325, Section 28. Certainly the underlying purpose of Sections 10506-70 and 10506-71, General Code, is to insure that testimony has been accurately recorded and to perpetuate it.
 

 In the instant case the testimony of Hodes and other witnesses was given in the presence of the judge, was
 
 *567
 
 taken by a stenographer and transcribed, and the transcription was included in a bill of exceptions allowed and signed by the judge. The correctness of the testimony as transcribed has never been challenged and there was no objection to it on any ground in the Court of Common Pleas.
 

 In the situation presented, Section 11496, General Code, is applicable. It states that when a party or witness dies or goes beyond the jurisdiction of the court after testifying in a case and such testimony has been incorporated in a bill of exceptions, it may be used upon a further trial of the case.
 

 Our answer to the third question stated is in the affirmative.
 

 The judgment of the Court of Appeals being without error is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Bell, Williams and Turner, JJ., concur.