## In re Estate of Brown.

298

(No. 272—Decided October 30, 1954.)

*Messrs. Lovell & Woodmansee,* for exceptor.

*Mr. Reed M. Winegardner* and *Mr. Otis B. Core,* for administrator.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Probate Court of Fayette County sustaining exceptions to the first and final account of Harry Warfield, administrator of the estate of Howard L. Brown.

The widow, Goldie Brown, filed ten exceptions. Exceptions Nos. 2 and 4 were overruled. The court sustained exceptions numbered 1, 3, 5, 6, 7, 8, 9 and 10. The assignments of error in the main follow the rulings of the trial court on the various exceptions which were sustained. The court does not deem it necessary to discuss at length the applicable legal principles, but will briefly apply them to the essential facts, which will be stated in the discussion of the several assignments of error. A detailed statement of the facts which give rise to the controversy is found in the opinion of the trial court, in the case of *In re Estate of Brown*, which is published in 67 Ohio Law Abs., 291.

The probate judge called the Judge of the Common Pleas Court to hear and determine the issues presented. In his first assignment of error the administrator contends that the acting probate judge had no authority to reverse, vacate or modify the former orders of the probate judge. The order of the court approving the inventory, the order of the court confirming the sale of personal property at private sale, and the order determining inheritance tax, did not deprive this exceptor of the right to file exceptions to the first and final account.

In his second and third assignments of error the question as to the legality and sufficiency of the accounting is raised. A part of the assets of the estate consisted of a junk yard, including equipment and approximately 700 junked cars. The administrator filed an application and secured an order authorizing him to sell the junk at private sale, which was done over a period of several months. In the liquidation of such assets the administrator employed a bookkeeper, a manager, and several other employees for the purpose of preparing the junk for sale, the sale of the same, and the transportation. In some instances

the purchaser paid for the junk by check, and in other instances by cash. The checks were immediately deposited in a bank by the administrator. The cash was retained at the office in a cash account, out of which cash disbursements were made for various purposes, such as wages to the employees, licenses for trucks, insurance and various other items. A detailed record of these receipts and disbursements was kept in a book provided for that purpose at the office of the junk yard. As the cash would accumulate, lump sums of such cash were turned over to the administrator, which he deposited in the bank. In his accounting he charged himself with the receipt of such lump sum payments. He did not account in detail for the receipt of cash for sales made to various purchasers; neither did he ask credit for the various items of cash disbursements. The administrator contends that he is not required, under the circumstances, to give a detailed statement of such cash receipts and cash disbursements; that the matter of the liquidation of this estate was well known to the widow and to his wife, the daughter of the decedent, the only other heir at law; that no charge of fraud or misappropriation of funds is made; and that as a practice the administrator is not required to account for each and every item of cash received and cash disbursed, otherwise the Probate Court records would become too voluminous. This court recognizes the established practice countenanced by the members of the bar and the various Probate Courts in the reporting of sales of personal property, and in making an accounting to the court in which the fiduciary is not required to give a detailed statement of receipts and disbursements. In most instances this is satisfactory, not only to the court but also to the interested parties. However, where an objection is raised and an issue is presented the court

must require the fiduciary to comply with the provisions of Section 2109.30, Revised Code, formerly Section 10506-34, General Code, which section provides in part:

"Every account shall include an itemized statement of all receipts of the fiduciary during the accounting period and of all disbursements and distributions made by him during such period, verified by vouchers or proof."

The trial court sustained these two exceptions and ordered the administrator to file an amended and supplemental account, itemizing such cash receipts and cash disbursements. The record shows that counsel for the administrator, on two occasions during the hearing, indicated the willingness of the administrator to render such supplemental account. In view of the exceptions and the manner in which the assets were liquidated and the records kept at the junk yard, this court is of the opinion that the trial court very properly sustained these two exceptions.

In his fourth assignment of error the administrator contends that the trial court erroneously sustained exception No. 5 in which the question was raised as to the right of the administrator to pay himself as wages during the liquidation of the assets at the junk yard the sum of $75 per week. The record shows that the widow and exceptor, who at that time was represented by her personal counsel, agreed that for a period of 60 days the administrator should be permitted to compensate himself at the rate of $75 per week for his services in the liquidation of the assets at the junk yard. The record shows also that this liquidation process extended over a period of more than six weeks. The administrator took credit for $75 per week for a period of thirteen weeks. The trial court sustained this exception, principally on the

ground that the administrator could not compensate himself for his services without first having filed a written application with the Probate Court and securing a court order. Aside from the fact that the record shows that the exceptor agreed to such compensation for a limited period, thinking at the time that during such period the liquidation would be completed, we do not believe that the failure of the exceptor to agree to compensation for a longer period is material. About two months after the administration was opened, the administrator filed a written application with the Probate Court to sell the assets of the junk yard at private sale. The Probate Court, on March 27, 1953, in granting the order authorized the administrator to "proceed according to law to sell said personal property at private sale, for the best price obtainable." The administrator at that time was in the process of liquidating such assets at private sale. The record shows that subsequently the administrator had numerous conferences with the probate judge relative to his conduct of the administration of this estate and particularly the liquidation of the assets at the junk yard. The administrator called as a witness the probate judge and sought to produce evidence to the effect that the administrator, together with his counsel, had made a verbal application to the probate judge for authority to compensate himself at the rate of $75 per week during the time the junk yard was being liquidated, and that the probate judge verbally made such an order. The trial court sustained an objection to this line of testimony, and a proffer was made as follows: "If the witness had been permitted to answer he would have stated that he did verbally authorize the payment of $75 per week to the administrator for extra compensation, and he believed that it would be reasonable and proper." In our opinion

this testimony should have been admitted and prejudicial error was committed in the failure to admit such testimony. Upon the basis of this testimony a *nunc pro tunc* order would have been proper. A *nunc pro tunc* order can be made at this time, journalizing the verbal order which was made by the probate judge. 23 Ohio Jurisprudence, 673, 678, Sections 249, 256. The trial court was in error in sustaining this exception, and this assignment of error is well made.

In his fifth assignment of error the administrator contends that the trial court erroneously sustained exception No. 6, which raises the question as to the right of the manager of the business to draw a weekly salary as set out in the account, which shows that he took part of his salary in cash and part by check and that the cash payment amounted to $25 per week. At the time the administrator took charge of the administration of this estate, according to the record, he agreed with the manager to pay him an additional $25 weekly salary in cash for the additional responsibilities which the manager would assume over and above the responsibilities which he carried during the lifetime of the decedent. No question is raised as to the reasonableness of such compensation. The exception was sustained by the trial court on the ground that the administrator was first required to secure an order from the Probate Court. The record shows that all parties concerned recognized the fact that in the liquidation of the assets of the junk yard the administrator would not only be required to expend time and effort himself, but would require the assistance of the former manager who was acquainted with prospective purchasers, who knew the junk yard business, and whose services were needed to expedite the liquidation. In our opinion the absence of a court order did not deprive the administrator of the right to employ

and compensate the necessary workmen to conduct the liquidation; and so long as no question is raised as to the reasonableness of such compensation, the administrator should be entitled to take credit for such items. In our opinion the trial court erroneously sustained this exception.

In his sixth assignment of error the administrator contends that the trial court erroneously sustained exception No. 7, which raises the question as to the authority of the administrator to grant vacation periods to the employees, during which time they were compensated at the regular rate. Here again the Probate Court sustained this exception on the ground that the administrator had not first secured a court order. The same legal principle applies to this matter as to the matter discussed under assignment of error No. 5. The record shows that at the time the administrator took charge of the business he agreed with his employees that they should have a vacation period with pay. He carried out this agreement and took credit in his account for compensation paid to three employees for a one-week vacation period. In our opinion the trial court erroneously sustained this exception.

In his seventh assignment of error the administrator contends that the trial court erroneously sustained exception No. 8, which raises the question as to the amount of compensation to which the administrator is entitled for the administration of the estate. The administrator took credit for compensation which exceeded that allowed by Section 2113.35, Revised Code, formerly Section 10509-192, General Code. The administrator did not file an application for additional compensation for extraordinary services as provided in Section 2113.36, Revised Code, formerly Section 10509-193, General Code. Although it is a practice for an administrator to file a written application and se-

cure a court order, either upon notice to the parties interested or at an ex parte hearing, prior to filing the account, the statute does not require a formal written application. Section 2113.36, Revised Code, authorizes the Probate Court to grant an additional allowance over and above that provided for in Section 2113.35, Revised Code, for actual and necessary expenses and for extraordinary services not required of the administrator in the common course of his duty. When the administrator filed his account and asked the court to allow a credit for compensation over and above that allowed under Section 2113.35, Revised Code, the matter of determining whether such an allowance should be granted was before the court. Upon exception being filed to this credit, an issue of fact was made which the Probate Court could try and determine. The acting probate judge took testimony on this exception, but did not attempt to fix compensation, reserving it for future determination. In view of the reservation we do not find this assignment of error well made.

In his eighth assignment of error the administrator contends that the trial court erroneously sustained exception No. 9, which raises the question as to the reasonableness of counsel fees. The record shows that according to the minimum fee schedule adopted by the bar of Fayette County and followed as a matter of practice by the Probate Court the counsel fees for services rendered would amount to approximately $1,388. The administrator took credit for $2,243. Under Section 2113.36, Revised Code, ''reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix

the amount thereof." The trial court, in rejecting the item for counsel fees, to a large extent based its disallowance of this item on the fact that no application had been filed to fix such fees. While it is the practice in most Probate Courts to file an application to fix counsel fees prior to the filing of an account, the statute does not expressly provide that the filing of an application is essential. The statute gives the right to the Probate Court at any time during the administration to fix the amount of such fees. When the administrator sought to take credit in his account for the payment of $2,243 to counsel for legal services the matter was before the court. Upon an exception being filed to this credit an issue of fact was made which the Probate Court could try and determine. Testimony was taken as to the extent of services rendered by counsel and what would be reasonable compensation for such services. However, the court did not determine the amount of fees for which the administrator was entitled to take credit, but reserved this matter for future determination. In view of the reservation this assignment of error is not well made.

In his ninth assignment of error the administrator contends that the trial court erroneously sustained exception No. 10, which raises the question as to the amount for which he should be charged for sale of the remaining portion of the junk to Helen Warfield. It appears that the highest bid was $2,850, and that it was agreed that the administrator would sell for the highest bid. The administrator takes the position that in view of the fact that there were certain moneys due Helen Warfield from her mother, the exceptor herein, for rents collected on certain pieces of real estate, he should not be required to charge himself for the full amount of said sale, until exceptor properly accounted for rents. The trial court was correct in sustaining this

exception on the ground that the failure of the exceptor to account for rents collected does not relieve the administrator of his duty to correctly report the full amount of the sale price of $2,850. This assignment of error is not well made.

In his tenth assignment of error the administrator contends that the trial judge erroneously held that the administrator failed to comply with the provisions of Section 2113.30, Revised Code, formerly Section 10509-9, General Code, which states that after the expiration of one month following the date of his appointment an administrator is required to apply to the Probate Court for authority to continue the business. The court held that the facts in this case placed the administrator within the provisions of this section. This section has no application where the administrator is not continuing the business but is in the process of the liquidation of assets under a court order for the sale of the assets at private sale. The record is very clear that at no time did any of the parties in interest claim that the business was being continued, but at all times recognized that the business was being liquidated. Unquestionably this liquidation was being conducted under an order of court for the sale of the assets at private sale. In our opinion, the trial court was in error in ruling that the administrator failed to comply with the provisions of Section 2113.30, Revised Code.

The judgment of the trial court is affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part.*

Wiseman, P. J., Miller and Hornbeck, JJ., concur.