OPINION
{¶ 1} Respondent-appellant, Jack Fisk, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, assessing a surcharge of $90,438.19 against appellant and ordering him to repay certain sums of money to the estate of Robert John Fisk, deceased. Because the probate court properly assessed the surcharge and ordered the sums repaid, we affirm.
 {¶ 2} This case involves the administration of the estate of Robert John Fisk, who died on February 18, 2000, and was survived by three children: Jack Fisk, Robert Fisk, and Elizabeth Fisk Custer. Appellant was appointed administrator of the estate on May 4, 2000. On June 8, 2000, appellant filed an inventory of the estate's assets and, with no exceptions filed objecting to the inventory, the probate court approved the inventory on July 3, 2000.
 {¶ 3} On July 31, 2000, pursuant to R.C. 2117.02 and as a fiduciary of the estate, appellant filed a claim against the estate for $23,567.67. The same day, the probate court set a hearing for September 1, 2000, to consider the claim. The hearing apparently was not held on appellant's claim, but, on the day of the scheduled hearing, written consents signed by appellant's siblings were filed with the court to allow payment of appellant's claim. Although the probate court never approved appellant's claim against the estate, appellant paid himself the full amount of the claim from the assets of the estate.
 {¶ 4} Following numerous notices to appellant from the probate court that he needed to file an account of the estate, appellant resigned as estate administrator and a successor administrator was appointed on July 12, 2001. Appellee, the successor administrator, filed a complaint against appellant on August 2, 2001, alleging that appellant concealed estate assets.
 {¶ 5} On August 31, 2001, the probate court ordered appellant to file a final account by November 27, 2001, or face contempt, including jail. Appellant consequently filed his final account with the court on the date it was due. On December 24, 2001, appellee filed exceptions to (1) $90,438.19 of the $119,449.69 in disbursements listed in the account, (2) the exclusion of several precious coins and other items from the list of estate assets, and (3) claims against the estate appellant submitted as a fiduciary or creditor. A hearing was set for March 8, 2002, on the exceptions to the account, the concealment action and possible discovery sanctions against appellant.
 {¶ 6} At the March 8, 2002 hearing, appellee presented testimonial and documentary evidence concerning the concealment and exceptions actions. Appellant's siblings testified at the hearing and formally withdrew their prior consent to payment of appellant's July 31, 2000 claim against the estate. Appellant, appearing pro se, testified but contended he was unprepared. He presented no evidence to support the validity of his $23,567.67 claim against the estate or of disbursements on his final account he had claimed to have made on behalf of the estate.
 {¶ 7} Following the hearing, the probate court found in favor of appellee on the exceptions and the concealment action, and entered judgment accordingly. The court (1) ordered a surcharge of $90,438.19 against appellant, being equal to the amount of the excepted account disbursements, (2) ordered appellant to repay the estate the amount of various items, or to return items not listed as estate assets, and (3) ordered a surcharge against appellant's bonding company for his failure to appropriately perform his fiduciary duties. Appellant appeals, assigning the following errors:
 {¶ 8} "First Assignment of Error: The Probate Court Erred in Delegating it's [sic] Duties as the Trier of Fact in Both Proceedings.
 {¶ 9} "Second Assignment of Error: The Probate Court Made Procedural Errors Which Deprived Appellant of His Constitutional Right to Due Process of Law.
 {¶ 10} "Third Assignment of Error: The Probate Court Erred by Failing to Have Appellee Show at Least a Prima Facie Case Before the Burden of Proof Shifted to Appellant in the Exceptions Proceeding.
 {¶ 11} "Fourth Assignment of Error: The Probate Court Erred in that the Parties Were Barred from Challenging the Assets to be Included in the Estate in Both Proceedings.
 {¶ 12} "Fifth Assignment of Error: The Probate Court Erred in that it had no Jurisdiction to Consider or Render Judgment Upon Appellant's Claim Against this Estate in Both Proceedings."
 {¶ 13} In his first assignment of error, appellant asserts the probate judge improperly delegated his duties as a judge and denied appellant due process of law when he delegated to the successor administrator the responsibility of examining appellant's evidence and determining which of appellant's expenditures on behalf of the estate were appropriate. Appellant contends appellee was not an independent and impartial decision maker, but an adverse party in these proceedings.
 {¶ 14} Contrary to appellant's assertion, the probate court did not delegate its decision-making authority to the successor administrator. At the March 8, 2002 evidentiary hearing, appellant had the opportunity and obligation to present evidence to substantiate his July 31, 2000 claim against the estate and his November 27, 2001 final account disbursements to which appellee, the successor administrator, had filed exceptions. Appellant failed to present any evidence at the hearing to support his claimed expenditures purportedly made on behalf of the estate. Thus, at the conclusion of the hearing and again in its entries of judgment, the probate court found appellant had not met his burden of proving the validity of the disbursements to which the successor administrator had filed exceptions. The court ordered a surcharge of $90,438.19 against appellant, equal to the total amount of the excepted account disbursements, and the court entered judgment against appellant accordingly. The judgment was final and binding and still stands against appellant.
 {¶ 15} However, as a purely equitable act, the probate court additionally allowed appellant an opportunity to potentially reduce the amount of the judgment's $90,438.19 surcharge by presenting documentation to the successor administrator within 10 days to substantiate the expenditures appellant allegedly made on behalf of the estate. The successor administrator in turn was required to subsequently report to the court any expenditures he deemed appropriate to offset the surcharge. On March 26, 2002, the successor administrator filed his report deeming certain expenditures to be appropriate and recommended the surcharge be reduced to $43,512.71.
 {¶ 16} The record reflects the report of the administrator was not submitted to the probate court until after the court had made its findings and issued its judgment. The probate court clearly retained, rather than delegated, its decision-making authority regarding the final amount to be surcharged to appellant. Specifically, the court did not order that, without a further review and order of the court, the amount the successor administrator recommended would automatically reduce the surcharged amount in the judgment. In fact, the probate court has yet to take action on the administrator's recommended reductions to the surcharged amount.
 {¶ 17} Although appellant next complains that the judgment has not been reduced by the $46,925.48 the successor administrator deemed appropriate to offset the surcharge, appellant can move the probate court to reduce the judgment's surcharge in accordance with the successor administrator's recommendations. See R.C. 2117.12 and 2117.17. However, the probate court, on its own motion or upon the motion of any of the estate's interested parties, may hold a hearing to determine if the successor administrator's allowance of any of appellant's claims is proper before the court reduces the amount of the surcharge. See R.C.2117.17. Appellant's first assignment of error is overruled.
 {¶ 18} In his second assignment of error, appellant asserts he was denied procedural due process because (1) appellee's exceptions to appellant's final account did not comply with R.C. 2109.33, and (2) no hearing was conducted on the concealment of assets complaint.
 {¶ 19} R.C. 2109.33 requires that exceptions to an account be specific, in writing, and filed with the court, and that the exceptor serve a copy on the fiduciary at least five days before a hearing on the account. Appellant contends appellee's exceptions were not specific, thereby placing an unreasonable burden on appellant to prepare for the hearing on the exceptions. Appellant further contends no evidence suggests (1) the exceptions were timely filed and served upon appellant at least five days before the hearing date on the account, or (2) appellant was notified of the date of the hearing.
 {¶ 20} The record reflects that, on November 27, 2001, appellant filed his final account of the estate, including a six-page itemized statement listing $119,449.69 in receipts of the estate and $119,449.69 in disbursements appellant allegedly made on behalf of the estate. On December 24, 2001, appellee, the successor administrator, filed the exceptions to the final account. Initially, appellee excepted to all but seven of appellant's disbursements, based on an allegation that the debts allegedly paid with estate money were not the debts of the decedent. Appellee specifically demanded that appellant produce evidence that the excepted disbursements were debts of the decedent properly payable by the estate. Secondly, appellee alleged that eight classifications of items, consisting mostly of various coins and silverplate flatware, should have been included in the estate. Thirdly, appellee averred that the distributions to appellant exceeded the amount he is entitled to under the decedent's will. Fourthly, appellee disputed appellant's $23,567.67 claim against the estate. Finally, appellee disputed disbursement of any fiduciary fee or commission to appellant for the reason that appellant failed to faithfully discharge his duties as the estate's administrator.
 {¶ 21} Appellant's assertion lacks merit insofar as it contends the exceptions were vague and placed an undue preparation burden on him. The exceptions clearly identified the expenditures being questioned and the basis for the exceptions, and thus met the statute's requirement that the exceptions be "specific." See R.C. 2109.33.
 {¶ 22} Similarly without merit is appellant's claim that the exceptions were not timely filed and served upon appellant at least five days before the hearing date on the account, or that appellant was not timely notified of the date of the hearing. According to the record, a certificate of service included with the exceptions to the account certifies that a copy of the exceptions was mailed to appellant on December 24, 2001. On that same day, the probate court filed an entry setting a hearing on March 8, 2002, to consider the exceptions to the account. The record reflects that appellant signed and approved a separate entry filed on December 31, 2001, setting the hearing on the exceptions and concealment actions for March 8, 2002. Thus, he had actual notice more than two months before the hearing was held. Based on the foregoing and appellant's failure to object in the probate court to lack of notice of the hearing on the exceptions to the account, appellant has failed to establish that the statutory requisites of notice were not met. Moreover, where appellant had over two months notice of and opportunity to prepare for the hearing, appellant was not denied procedural due process. Whitaker v. Estate of Whitaker (1995),105 Ohio App.3d 46, 51-52.
 {¶ 23} Appellant next contends the probate court improperly entered judgment against appellant on the concealment of assets complaint because no hearing was conducted on that complaint. According to appellant, the probate court and appellee both indicated at the beginning of the March 8, 2002 hearing that the hearing was limited to the exceptions to the account.
 {¶ 24} The record does not support appellant's contention. At the beginning of the March 8, 2002 hearing, the probate court expressly stated that the hearing would encompass the exceptions to the account, the concealment action, and Rule 37 discovery sanctions. Later, in its judgment entries, the court noted it had dealt with all of these matters at the hearing. More importantly, the record reflects that the hearing did, in fact, include the matter of appellant's alleged concealment of assets. In fact, evidence regarding appellant's alleged concealment of assets comprised the majority of the hearing. Accordingly, the record contains an evidentiary basis upon which judgment could be rendered on both the exceptions and the concealment matters.
 {¶ 25} Appellant further contends the March 8, 2002 hearing did not comport with the strict statutory requirements for a concealment action hearing. See R.C. 2109.50 through 2109.56. Appellant asserts the probate court did not have the testimony of the witnesses, including appellant, reduced to writing, signed and filed with the court as R.C.2109.50 requires. Appellant further maintains that, as in Kovach v. Bustardo (Feb. 11, 1994), Lake App. No. 92-L-136, the record of the March 8, 2002 proceedings is "incomplete" due to the transcript being "inaudible" in many portions, thus necessitating a remand of the concealment matter.
 {¶ 26} Appellant's contentions are not well-founded. In Sheets Exr. v. Hodes, Admr. (1944), 142 Ohio St. 559, the Ohio Supreme Court interpreted Sections 10506-70 and 10506-71 of the General Code, which were substantially similar to and preceded R.C. 2109.50. The court held the statutory provisions are directory, not mandatory, and it is not a "fatal defect" for witnesses not to sign a transcript of their examination. Id. at 566. In accord, St. James Episcopal Church v. Handorf (Dec. 11, 1991), Hamilton App. No. C-910084.
 {¶ 27} Here, as in Sheets, the witnesses were examined under oath in the presence of the probate court judge, a court reporter transcribed their testimony, and no one has objected to the accuracy of the transcript. Although various portions of the transcript are reported as "inaudible," it is evident the transcript of the witnesses' testimony is substantially complete, with the portions identified as "inaudible" being brief and sporadic. In contrast, in Kovach, two complete audio tapes of witnesses' testimony were blank, meaning that the trial court did not have the benefit of most, if not all, of the testimony before rendering judgment. Kovach is thus distinguishable from the present case, where the probate court, the parties, and this court have had the benefit of virtually all the witnesses' testimony.
 {¶ 28} Appellant additionally contends the probate court did not make a finding whether appellant was "guilty" or "not guilty" as R.C.2109.52 requires. The record shows the trial court found appellant "guilty," although not expressly so stating, because in accordance with a finding of "guilty" under R.C. 2109.52, the probate court imposed penalties provided under the statute: (1) it assessed damages against appellant for estate items appellant admitted selling, and (2) it ordered the return of specific items appellant concealed and admitted remained in his possession. See Amended Judgment, 3. Cf. In re Estate of Meyer (1989), 63 Ohio App.3d 454, 457 (determining a finding of guilt could not be construed where the court did not impose the statutory penalties). Accordingly, in issuing judgment against appellant on the concealment complaint, the court complied with the statutory directive in R.C. 2109.52
regarding "guilt." Because appellant has not established the probate court made procedural errors which deprived him of due process, appellant's second assignment of error is overruled.
 {¶ 29} In his third assignment of error, appellant asserts the probate court improperly placed the burden on appellant to prove the appropriateness of the expenditures he claimed on his final account. In this regard, appellant specifically takes exception to the probate court's statement that "[w]hen objections are taken to an executor's account, the burden of proving the validity of the account is on the executor[,]" the court citing in support Whitaker, supra, and In re Roeser (1942), 37 Ohio Law Abs. 374. (Amended Entry of Judgment, 1.)
 {¶ 30} The general rule is that when exceptions challenge the propriety of a credit or disbursement an administrator takes in his account, the burden of establishing the validity of such credit is upon the administrator. In re Estate of Butler (1940), 137 Ohio St. 96, paragraph three of the syllabus; Steward v. Barry (1921), 102 Ohio St. 129, syllabus; Teegardin v. Teegardin (Mar. 3, 1998), Franklin App. No. 97APE08-982. Here, the probate court properly followed the general rule in placing the burden on appellant to prove the propriety of the disbursements appellant claimed in his final account to have made on behalf of the estate. The burden appropriately shifted to appellant after the successor administrator's filed exceptions to appellant's account were admitted into evidence and established a prima facie case.
 {¶ 31} Appellee, the successor administrator, was not without a burden of proof at the hearing. Specifically, as the exceptor he had the burden of proving the existence of assets he claimed were not, but should have been, included in appellant's account as assets of the estate. See Steward; Bolen v. Humes (1951), 94 Ohio App. 1, 2, 4 ("Where exceptions are filed to the inventory of a decedent's estate on the ground of noninclusion of specified assets, the burden of proving the existence of such assets is on the exceptor"). The record demonstrates the successor administrator carried his burden at the March 8, 2002 hearing, where he presented ample evidence to prove the existence of assets, to which he had filed exceptions, that were not included as estate assets in appellant's account. Because the trial court did not err in the burdens imposed on the respective parties, we overrule appellant's third assignment of error.
 {¶ 32} In his fourth assignment of error, appellant asserts his inventory of the estate's assets could not be challenged after the probate court issued its July 3, 2000 entry approving the inventory. Appellant contends that because the other beneficiaries had the opportunity to, but did not, file exceptions to the inventory's listing of assets and further elected not to appeal the court's entry approving the inventory, they, and the successor administrator who acted on their behalf, were bound by the list of assets on that inventory and were barred under the legal doctrines of res judicata and waiver from subsequently challenging the completeness of the list of the estate's assets.
 {¶ 33} The probate court's July 3, 2000 order approving the inventory appellant filed did not bar the successor administrator from subsequently filing exceptions to appellant's final account. In re Brown's Estate (1954), 98 Ohio App. 297, 299. Where an inventory is filed and the probate court approves it without exceptions having been taken, res judicata does not operate to bar a later action seeking to include assets in the estate that were not included in the approved inventory. Eger v. Eger (1974), 39 Ohio App.2d 14, 19; Scott v. Mofford (1940),64 Ohio App. 457, 459. Cf. Bolles v. Toledo Trust Co. (1940),136 Ohio St. 517, syllabus, and In re Stayner (1878), 33 Ohio St. 481
(determining where a probate court has heard and determined exceptions to an inventory, res judicata may operate to preclude relitigation of the assets included in the estate's inventory). Here, where the probate court approved appellant's inventory without any exceptions having been filed, the exceptions and concealment action were not barred by res judicata.
 {¶ 34} Although appellant further argues in this assignment of error that the hearing on the exceptions to the account was not the proper proceeding to challenge appellant's assertion that the decedent had gifted various items to appellant, that same hearing encompassed the matters relating to the concealment action, which this court has determined is an appropriate proceeding to determine the validity of a claimed gift. See In re Trent's Estate (1954), 98 Ohio App. 238, 239. Appellant's fourth assignment of error is overruled.
 {¶ 35} In his fifth assignment of error, appellant asserts the trial court lacked jurisdiction to consider or deny appellant's claim for $23,567.67 filed against the estate on July 31, 2000.
 {¶ 36} "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court * * *." R.C. 2101.24(C); Wolfrum v. Wolfrum (1965), 2 Ohio St.2d 237, paragraph one of the syllabus. The probate court further has exclusive jurisdiction to direct and control the conduct and settle the accounts of executors, administrators and fiduciaries, and order the distribution of estates. R.C. 2101.24(A)(1)(c) and (m). The court's jurisdiction includes the allowance of an administrator's claims against an estate, with the provisions of R.C. 2117.01 through 2117.04 being mandatory and providing the exclusive method for the presentation and allowance of such claims. See R.C. 2117.01 to 2117.04; Wilhoit v. Estate of Powell (1980),70 Ohio App.2d 61, 63-64.
 {¶ 37} Appellant expressly invoked the probate court's jurisdiction over appellant's claims against the estate when he filed his claim pursuant to R.C. 2117.02. The court's jurisdiction over the claim arguably did not continue under R.C. 2117.02 after appellant was replaced as administrator of the estate because his claim then took on the status of any other creditor's claim. The probate court nevertheless retained jurisdiction over the claim through its plenary power to dispose of the matter which was already properly before the court. R.C. 2101.24(C). Accordingly, to the extent appellant asserts the probate court lacked jurisdiction to consider his claim against the estate, the assertion is not well-founded.
 {¶ 38} Appellant next contends the probate court has not yet expressly denied his claim against the estate. The record, however, does not support appellant's contention. In its amended entry of judgment, the probate court noted that appellee, as the successor administrator, filed exceptions to $90,438.19 of the $119,449.69 disbursements appellant listed in his accounting, and excepted to "any claims against the estate submitted by Jack Fisk as a fiduciary or creditor." (Amended Entry of Judgment, 2.) The court further observed it dealt with those matters at the March 8, 2002 evidentiary hearing. The court then expressly found that appellant had not met the burden of proving the validity of the items to which the successor administrator excepted. Because the court specifically noted that the excepted items included appellant's claim against the estate and the court specifically disallowed all the excepted items, the court ruled on and rejected appellant's claim against the estate.
 {¶ 39} Appellant further asserts the successor administrator of the estate failed to take proper action on appellant's claim against the estate. According to the record, in his filed exceptions to appellant's account the successor administrator specifically disputed appellant's claim against the estate. The successor administrator's exception to the claim gave appellant plain and unequivocal notice of his disallowance of appellant's claim and was a proper response by the successor administrator to the claim. R.C. 2117.11; In re Estate of Baughman (1998),81 Ohio St.3d 302, 305. Appellant nonetheless contends the successor administrator, after disallowing the claim, should have set the matter for a hearing under R.C. 2117.17 so the probate court could determine whether the successor administrator properly rejected appellant's claim. The propriety of appellant's claim against the estate, however, was the subject of one of the exceptions the successor administrator filed and was before the probate court for determination at the March 8, 2002 hearing. Thus appellant was not denied a hearing on his claim against the estate.
 {¶ 40} Finally, appellant contends waiver equitably estopped and barred his siblings from withdrawing their consent to the payment of appellant's claim against the estate where their consent was withdrawn a year and one-half after being given and after appellant had paid his claim out of the estate's assets in reliance upon their consent.
 {¶ 41} R.C. 2117.01 provides that the administrator of an estate may not retain the assets of an estate to satisfy the administrator's own claim against the estate until the claim has been proved to and allowed by the probate court. Additionally, R.C. 2117.02 provides that "[t]he [administrator's] claim shall not be paid unless allowed by the court." Despite lack of the probate court's approval of his claim, appellant admits he "paid himself the claim amounts, and reported those on the account which he filed with the Probate Court on November 27, 2001." (Appellant's Brief on Appeal, 28.) Where the statutes clearly require the approval of the probate court before an administrator's claim is paid, appellant could not reasonably or in good faith rely on the consent of his siblings when, as estate administrator, he paid himself his claim without the probate court's statutorily required approval.
 {¶ 42} Appellant also cannot now rely on the doctrine of estoppel to justify his actions. In the absence of notice to the contrary, the other beneficiaries of the decedent's estate were warranted in initially placing full faith in appellant as their fiduciary and in giving their consent to his actions. In re Chambers Estate (1939), 30 Ohio Law Abs. 420.
 {¶ 43} At the March 8, 2002 hearing, in explaining why she withdrew her consent, appellant's sister explained she had formerly given her consent based on a belief that appellant had submitted a bona fide itemized statement and receipts for items appellant had allegedly paid on behalf of the decedent, but she had since learned that was not the case and appellant may have made up the claim. Appellant's brother explained he gave his consent because appellant and an attorney who at that time represented the estate told him to do so, and because he just wanted to resolve the matter. Under those circumstances, appellant's siblings were not estopped to withdraw their prior consent to payment of appellant's claim. For the foregoing reasons, appellant's fifth assignment of error is overruled.
 {¶ 44} Having overruled appellant's five assignments of error, the judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.