[Cite as *Lucarell v. Sait*, 2022-Ohio-4279.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| KIMBERLY L. LUCARELL, ADMINISTRATRIX OF THE ESTATE OF TODD W. TOLSON, | CASE NO. 2022-T-0014 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas, Probate Division |
| - vs - | |
| ROCCO SAIT, | Trial Court No. 2021 CVA 0054 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: November 30, 2022
Judgment: Reversed; remanded

*William M. Flevares*, Flevares Law Firm, LLC, 1064 Niles-Cortland Road, N.E., Warren, OH 44484 (For Plaintiff-Appellee).

*Jason M. Rebraca*, Johnson & Johnson Law Firm, 12 West Main Street, Canfield, OH 44406 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}   Appellant, Rocco Sait, appeals the judgment finding him guilty under R.C. 2109.52 of wrongfully possessing items of personal property belonging to the Estate of Todd W. Tolson in the amount of $6,800.00.   Finding prejudicial error, we reverse the judgment and remand the cause to the probate court.

{¶2}   Appellee, Kimberly L. Lucarell, as Administratrix of the Estate of Todd W. Tolson, filed this action in October 2021 under R.C. 2109.50.   The Administratrix claimed

that appellant concealed, embezzled, conveyed away, or was in wrongful possession of various items of tangible personal property of the decedent, which are now assets of the decedent's estate. She alleged that "said items of tangible personal property are too numerous to itemize"; estimated their value in excess of $25,000.00; and claimed "that most, but not all items at issue in this litigation are located at [an address in Youngstown, Ohio], which is where the decedent conducted a business in which he sold items of tangible personal property and which premises [appellant] has improperly controlled since decedent's death."

{¶3} A two-day trial was held in December 2021, following which the probate court found appellant guilty of wrongfully possessing $6,800.00 worth of tangible personal property belonging to the decedent's estate. Appellant was ordered to pay this amount to the estate plus a mandatory ten percent penalty. The court also ordered appellant to allow the Administratrix to enter the Youngstown premises and remove an antique bar, or appellant would be compelled to pay the sum of $10,000.00 plus a mandatory ten percent penalty to the estate. Upon appellant's request, the court issued findings of fact and conclusions of law.

{¶4} Appellant asserts two assignments of error:

[1.] The Trial Court erred by failing to strictly adhere to the requirements under R.C. 2109.50 before rendering its judgment.

[2.] The Trial Court erred by assessing damages in the amount of $6,800.00. $2,955.00 was awarded as the value of 19 items insufficiently identified by the lower court in the findings of fact. It is unknown what the valuation was based on. $3,845.00 of the award was based on an estimate made by the Court because Appellee failed to provide testimony as to valuation.

2

Case No. 2022-T-0014

{¶5} "R.C. 2109.50 provides for a special statutory proceeding to discover concealed assets of an estate. A concealment proceeding is classified as an inquisitional discovery proceeding." *Pirock v. Crain*, 11th Dist. Trumbull No. 2019-T-0027, 2020-Ohio-869, 152 N.E.3d 842, ¶ 64, citing *In re Estate of Fife*, 164 Ohio St. 449, 453, 132 N.E.2d 185 (1956). "Because it is a discovery proceeding, the action does not proceed in the same fashion as an ordinary civil action between two or more parties where there is a complaint and an answer. Rather, a concealment action notifies the probate court of alleged misconduct, upon which the court must investigate the charge and make a finding of guilt or innocence based on the evidence presented." *Pirock* at ¶ 64, citing *Fife at 454 and R.C. 2109.50*.

{¶6} "The court conducts the required investigation by examining, under oath, the respondent and any witnesses. The statute provides the court with the power to compel the respondent by citation or other judicial order to appear before the tribunal to be examined as to the matters alleged in the complaint." *Pirock* at ¶ 64, citing R.C. 2109.50. "While a concealment action under R.C. 2109.50 is a quasi-criminal special statutory proceeding, it is controlled by the laws governing civil proceedings in the probate court." *Pirock* at ¶ 65, citing *Lance v. Boldman*, 2018-Ohio-44, 93 N.E.3d 1013, ¶ 33 (9th Dist.). Specifically, and in pertinent part, R.C. 2109.50 provides as follows:

> Upon complaint made to the probate court of the county having jurisdiction of the administration of an estate * * * against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, personal property, or choses in action of the estate, * * * the court shall by citation or other judicial order compel the person or persons suspected to appear before it to be examined, on oath, touching the matter of the complaint. * * *

3

The probate court may initiate proceedings on its own motion.

The probate court shall promptly proceed to hear and determine the matter.

The examinations, including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the probate court.

If required by either party, the probate court shall swear the witnesses who are offered by either party touching the matter of the complaint and cause the examination of every witness, including questions and answers, to be reduced to writing, signed by the witness, and filed in the probate court. * * *

{¶7} We first address appellant's contention that the probate court committed prejudicial error by failing to have the witness testimony reduced to writing, signed, and filed with the probate court as R.C. 2109.50 requires.

{¶8} The provision requiring witnesses to *sign* a transcript of their examination is "directory, and not mandatory." *Sheets v. Hodes*, 142 Ohio St. 559, 566, 53 N.E.2d 804 (1944). The provision requiring the probate court to reduce the testimony to writing, in the first instance, *is* mandatory. *See Kovach v. Bustardo*, 11th Dist. Lake No. 92-L-136, 1994 WL 45282, *3 (Feb. 11, 1994) ("there [is] an original obligation on the trial court to order the transcript itself under R.C. 2109.50"; "the burden to provide a record is specifically placed on the court and not the parties"); *see also In re Estate of Meyer,* 63 Ohio App.3d at 454, 457, 579 N.E.2d 260, (12th Dist., 1989) fn. 1 ("it is the responsibility of the court to have the examination transcribed, with costs being assigned to the appropriate party") and *In re Guardianship of Lindsey*, 12th Dist. Preble No. CA2015-01-004, 2015-Ohio-4235, ¶ 18 ("Pursuant to R.C. 2109.50, a probate court should reduce any examinations conducted in a civil concealment proceeding to writing.").

4

{¶9} Here, the probate court did not order a transcription of the witness testimony be reduced to writing. We note that appellant also did not order preparation of the transcript for purposes of appeal. *See* App.R. 9. Had he done so, the probate court's failure to follow the mandate of R.C. 2109.50 would have been harmless error. *See Mancz v. McHenry*, 2d Dist. Montgomery No. 24728, 2012-Ohio-3285, 974 N.E.2d 784, ¶ 13 (concluding the appellant was not prejudiced by the probate court's failure to order the transcript because the court reporter's transcription was made part of the probate court's record); and *Talbott v. Fisk*, 10th Dist. Franklin Nos. 02AP-427 and 02AP-428, 2002-Ohio-6960, ¶ 27 (distinguishing this court's holding in *Kovach* because, in this case, the court reporter's transcription was made part of the probate court's record and, therefore, "the probate court, the parties, and the appellate court had the benefit of virtually all the witnesses' testimony").

{¶10} Nevertheless, because we hold that it is the original obligation of the probate court to order the transcript and provide a record in this special statutory proceeding—and because the failure to do so renders us unable to review the merits of appellant's remaining arguments—we presume prejudice. Accordingly, this argument is well taken and requires a remand to the probate court.

{¶11} We note that the cases cited by the Administratrix in opposition to this argument are either inapposite or distinguishable. First, the only issue directly before the Supreme Court in *Sheets* was whether the former General Code provision, substantially similar to the current Revised Code provision, required witnesses to sign the transcript after it had already been reduced to writing. *See Sheets*, 142 Ohio St. at 566 ("The complainant was examined under oath and such examination was reduced to writing by

5

the justice and certified by him and filed, but was not signed by the complainant."). Similarly, in *Mancz*, although the transcription was not signed by the witnesses, "[t]he examination of all the witnesses was recorded by a court reporter and is part of the probate court's record." *Mancz* at ¶ 13. In *Silcott v. Prebble*, 12th Dist. Clermont No. CA2002-04-028, 2003-Ohio-508, the court did not reach the argument that the probate court failed to follow the mandates of R.C. 2109.50 because the appellant "fail[ed] to specifically show how and where exactly the probate court failed to comply with the statute." *Silcott* at ¶ 18-19. And finally, in *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 629 N.E.2d 500 (9th Dist.1993), the court held that the appellant "[had] not met his burden to supply a record that would permit this court to adequately review his claimed error." *Wozniak* at 409. In that case, however, the issue of the trial court's original obligation under R.C. 2109.50 to order the transcript was not at issue, and the appellant chose to provide the appellate court with only a partial transcript of the probate court proceedings. *Id.* at 404.

{¶12} Appellant next contends under this assigned error that the probate court committed prejudicial error by failing to bring him before the court to question him about the matter.

{¶13} "Proceedings under R.C. 2109.50 are inquisitorial in nature. Thus, the accused and any other witnesses are considered witnesses of the court, even though the examination of these witnesses may be delegated to and actually conducted by counsel." *Meyer*, 63 Ohio App.3d at 457, fn. 1, citing *Fife*, 164 Ohio St. at 454. "Such suspected person is therefore in reality the witness of the court, * * * and the character and extent of his examination rest largely in the court's discretion * * *." (Citations omitted.) *Fife* at 454.

6

Case No. 2022-T-0014

{¶14} Contrary to appellant's contention, the probate court did issue a citation compelling him to appear before it to be examined on oath regarding the matter of the complaint, and there is no dispute that appellant appeared at trial with counsel. There is also no dispute that the probate court did not question appellant at the trial. The Administratrix responds that such examination would have been futile because "[appellant] either would have asserted his right against self-incrimination * * * or he would have lied under oath." Because the probate court failed to order a transcript of proceedings, however, we are unable to review the parties' arguments regarding the probate court's decision not to question appellant at trial. Thus, this argument is not well taken.

{¶15} The first assigned error has merit to the extent indicated.

{¶16} Under his second assigned error, appellant contends the court committed prejudicial error by estimating the valuation of certain unidentified items of personal property without reference to competent credible evidence and by speculating as to damages. The Administratrix responds that, not only is the damages award supported by competent credible evidence, appellant's failure to provide a transcript on appeal means that he cannot cite any portion of the record in support of his position regarding the probate court's factual findings. Given our holding under the first assigned error as to the probate court's mandatory obligation to order the transcript and provide a record, the merits of this argument also cannot be addressed. *See Kovach,* 1994 WL 45282 at *5.

{¶17} The second assigned error is not well taken.

7

{¶18} Pursuant to our conclusion under the first assigned error, the judgment of the probate court is reversed, and the action is remanded for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

Case No. 2022-T-0014