BROWN, Appellant,

v.

MABE, Admr., et al., Appellees.

[Cite as *Brown v. Mabe*, 170 Ohio App.3d 13, 2007-Ohio-90.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060323.

Decided Jan. 12, 2007.

14

Fox & Fox Co., L.P.A., Bernard C. Fox Jr., and Christopher Kneflin, for appellant.

Taft, Stettinius & Hollister L.L.P., and Charles M. Stephan, for appellee JohnsonDiversey, Inc.

GUCKENBERGER, Judge.

{¶ 1} This case involves an Ohio Bureau of Workers' Compensation claim. Gerald Brown requested participation in the workers' compensation fund for injuries he received at JohnsonDiversey, Inc., on March 10, 2003. The claim was administratively approved for "left shoulder joint effusion and tendonitis."

{¶ 2} JohnsonDiversey appealed to the common pleas court. As part of the common pleas court proceedings, Brown took the deposition of Dr. John Wolf Jr. for use at trial. In his deposition, Dr. Wolf was asked whether the incident on March 10, 2003, was the proximate cause of the "left shoulder strain and synovitis that you diagnosed here today." Dr. Wolf replied, "I think that the incident was the proximate cause of his problems."

{¶ 3} JohnsonDiversey then filed a motion in limine, asking the common pleas court to exclude Dr. Wolf's testimony. JohnsonDiversey argued that since *Ward v. Kroger* [1] prevented the court from considering conditions other than those on which the administrative decision was based, Dr. Wolf's opinion on other conditions should be excluded. The trial court granted the motion.

{¶ 4} JohnsonDiversey followed with a motion for summary judgment. The motion was supported by the following: "First, in order to sustain his burden of proof, Plaintiff must present expert testimony establishing a causal relationship between his employment and the conditions 'left shoulder joint effusion and tendonitis.' * * * Second, on February 2, 2006 the trial court excluded from trial the opinion testimony of Plaintiff's single expert witness Dr. John Wolf. Third, as a result of the Court's February 2 decision, Plaintiff will be unable to sustain his

---

1. 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155.

burden of proof at trial." In its motion, JohnsonDiversey did not identify any of the evidentiary materials listed in Civ.R. 56(C).

{¶ 5} Brown raises two assignments of error on appeal. In the first, he claims that the trial court erred in granting JohnsonDiversey's motion in limine. In the second, Brown claims that the court erred in granting summary judgment in favor of JohnsonDiversey. We find merit in Brown's arguments. Therefore, we reverse the trial court's judgment and remand the case for further proceedings.

### The Motion in Limine

{¶ 6} Brown is correct that the trial court erred in granting JohnsonDiversey's motion in limine. A decision on a motion in limine is interlocutory,[2] and it is therefore, standing alone, not a final appealable order.[3] Nevertheless, in this case, it was merged into the final order granting summary judgment to Johnson-Diversey.[4] We accordingly address the decision on the motion in limine because the exclusion of Dr. Wolf's testimony was essentially the basis for the lower court's decision to enter summary judgment.

{¶ 7} We review rulings on the admission of evidence, including the admission of expert testimony, under an abuse-of-discretion standard.[5] Relevant evidence is admissible.[6] " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [7]

{¶ 8} An obvious issue in this case was whether "left shoulder joint effusion and tendonitis" and "left shoulder strain and synovitis" were the same conditions. If they were different conditions, the common pleas court could not have considered a request to participate in the worker's compensation fund for "left shoulder strain and synovitis." [8] If they were the same, the case should have gone forward on its merits.

---

2. *State v. French* (1995), 72 Ohio St.3d 446, 450, 650 N.E.2d 887.

3. See R.C. 2505.03(A).

4. *Grover v. Bartsch*, 2nd Dist. No. 21413, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 9; *Horner v. Toledo Hosp.* (1993), 94 Ohio App.3d 282, 289, 640 N.E.2d 857.

5. *Shumaker v. Oliver B. Cannon & Sons, Inc.* (1986), 28 Ohio St.3d 367, 370, 28 OBR 429, 504 N.E.2d 44; *Cincinnati v. Banks* (2001), 143 Ohio App.3d 272, 282, 757 N.E.2d 1205.

6. Evid.R. 402.

7. Evid.R. 401.

8. See *Ward*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, at syllabus.

{¶ 9} Dr. Wolf's deposition testimony was directly relevant. Dr. Wolf testified, "I think Mr. Brown sustained a, pretty much a strain of his shoulder. He developed some tendonitis as a result of that." Dr. Wolf was then asked whether the incident on March 10, 2003, was the proximate cause of the "left shoulder strain and synovitis that [he had] diagnosed here today." Dr. Wolf responded, "I think that the incident was the proximate cause of his problems." Later in his testimony, Dr. Wolf stated that Brown's MRI showed "an active inflammatory process going on with fluid formation in his shoulder."

{¶ 10} The exclusion of Dr. Wolf's testimony was unnecessarily prejudicial to Brown, especially in the context of a summary-judgment motion where Brown, as the party against whom the motion was made, was entitled to have such testimony construed most strongly in his favor.[9] Without Dr. Wolf's testimony, Brown could not prove his case. If Dr. Wolf's testimony had been allowed, Brown might not ultimately have prevailed, but the court could have considered the testimony, analyzed the causation issues, and given Brown the opportunity to meet his burden of proof.

{¶ 11} JohnsonDiversey would not have been prejudiced by allowing Dr. Wolf's testimony. Allowing the testimony would not have prevented JohnsonDiversey from pursuing summary judgment. JohnsonDiversey would also not have been prevented from seeking to exclude Wolf's testimony at a trial. A motion in limine is a tentative ruling for trial purposes.[10] To exclude Dr. Wolf's testimony at a trial, JohnsonDiversey would have had to object to the testimony, even where the motion in limine had been granted in advance of trial.[11]

{¶ 12} Consequently, we hold that the trial court abused its discretion in granting the motion in limine and excluding Dr. Wolf's testimony.

## Summary Judgment

{¶ 13} Even if it had properly excluded Dr. Wolf's testimony, the trial court should not have granted JohnsonDiversey's motion for summary judgment. In *Dresher v. Burt*, the Ohio Supreme Court stated, "[W]e hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden

---

9. Civ.R. 56(C).

10. *Banks,* 143 Ohio App.3d at 281, 757 N.E.2d 1205.

11. Id.

under *Civ.R. 56* simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in *Civ.R. 56(C)* which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied."[12] (Emphasis in original.)

{¶ 14} JohnsonDiversey's motion for summary judgment did not satisfy its initial burden and accordingly should have been denied. JohnsonDiversey needed to do more than state that Brown could not prove his case. Contrary to JohnsonDiversey's assertion, Brown had no duty to offer "the opinion testimony of any other expert witness," absent JohnsonDiversey pointing to any materials listed in Civ.R. 56(C).

{¶ 15} JohnsonDiversey's failure to point to Civ.R. 56(C) materials is puzzling. When it filed its motion for summary judgment, the record contained the deposition of Dr. Steven S. Wunder, JohnsonDiversey's expert, taken January 11, 2006. In this deposition, Dr. Wunder was asked, "Now, Dr. Wunder, of those four conditions that we mentioned, shoulder strain, shoulder joint synovitis, shoulder joint effusion and shoulder joint tendonitis are all those separate and distinct conditions?" Dr. Wunder replied, "Yes."

{¶ 16} If JohnsonDiversey had pointed out this testimony in its motion for summary judgment, it would have satisfied the requirements of *Dresher*. Brown then would have had the duty to counter with the required Civ.R. 56(C) materials. But JohnsonDiversey did not point out Dr. Wunder's testimony to the trial court, and the envelope containing his deposition appears to have remained sealed until it reached this court. Whether a comparison of Dr. Wolf's testimony with that of Dr. Wunder will result in a determination "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"[13] is for the trial court to decide.

{¶ 17} We sustain Brown's assignments of error, reverse the granting of summary judgment, and remand this cause for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

HILDEBRANDT, P.J., and SUNDERMANN, J., concur.

---

12. (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

13. Civ.R. 56(C).