[Cite as *Pirock v. Crain*, 2020-Ohio-869.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DEBRA PIROCK, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2019-T-0027** |
| FREDERICK CRAIN, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Probate Division, Case No. 2018 CVA 0039.

Judgment: Reversed and remanded.

*David L. Engler*, Engler Law Firm, 181 Elm Road, N.E., Warren, Ohio 44483 (For Plaintiffs-Appellants).

*Douglas J. Neuman*, Neuman Law Office, LLC, 761 North Cedar Avenue, Suite 1, Niles, Ohio 44446 (For Defendant-Appellee Frederick Crain).

*Bryan Crain*, pro se, 2878 Niles-Vienna Road, Niles, Ohio 44446 (Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellants, Debra Pirock ("Ms. Pirock"), Jill Sferra ("Ms. Sferra"), Marcia McNelis ("Ms. McNelis"), and Thomas Crain ("Thomas") (collectively, the "plaintiffs"), appeal the judgment of the Trumbull County Court of Common Pleas, Probate Division, granting the motion in limine and the motion to dismiss filed by appellee Frederick Crain ("Frederick") with respect to the plaintiffs' concealment of assets claim against Frederick and appellee Bryan Crain ("Bryan").

{¶2} The parties in this case are the six surviving children of Ralph Crain ("Ralph"), who passed away in June 2014, and Margaret Crain ("Margaret"), who passed away in June 2013. The underlying matter is the latest proceeding in a longstanding dispute between the plaintiffs, on one side, and Frederick and Bryan, on the other side, involving their deceased parents' estates. Specifically, the plaintiffs filed a concealment action under R.C. 2109.50 alleging Frederick and Bryan converted or concealed assets belonging to Ralph's estate, including six strongboxes each allegedly containing $130,000 in cash and six white canvas bags each allegedly containing $366 in coins. The trial court ultimately granted Frederick's motion in limine excluding the plaintiffs' proposed testimony and his motion to dismiss the plaintiffs' concealment action.

{¶3} The plaintiffs assert three assignments of error on appeal. First, they argue that the trial court improperly used a motion in limine to exclude relevant testimony. Second, they argue that the trial court misapplied Evid.R. 804(B)(5) in finding their proposed testimony regarding Ralph's statements constituted inadmissible hearsay. Third, they argue that the trial court had no substantive or procedural basis for dismissing their case against Frederick and Bryan.

{¶4} Upon a careful review of the record and the pertinent law, we find the trial court abused its discretion in granting Frederick's motion in limine. Specifically, the trial court erred procedurally by definitively excluding the plaintiff's prior testimony prior to trial. The trial court also erred substantively by (1) failing to find the plaintiffs' prior testimony regarding Ralph's statements to be admissible under the hearsay exception in Evid.R. 803(3), (2) excluding the plaintiffs' prior testimony on the purported basis of "relevancy" when the trial court's judgment entry demonstrates that it found the evidence to be legally

2

insufficient to establish an element of the plaintiffs' concealment action, and (3) excluding the plaintiffs' prior testimony based on its prior ruling in Margaret's estate proceedings regarding Ralph's mental competency.

{¶5} We also find that the trial court committed reversible error in dismissing the plaintiffs' concealment action. The trial court effectively converted Frederick's motion to dismiss into a motion for summary judgment. We find that the trial court's failure to give the parties formal notice of its conversion was harmless. Based on our de novo review, however, we find that Frederick did not meet his burden on summary judgment to establish that the plaintiffs have no evidence to prove the elements of their claim.

{¶6} Thus, we reverse the judgment of the Trumbull County Court of Common Pleas, Probate Division, and remand for further proceedings consistent with this opinion.

**Substantive and Procedural History**

{¶7} This is the fourth occasion for this court to consider matters relating to Ralph's estate. Our prior cases summarize many of the applicable facts.

{¶8} The Crain family is from Weathersfield Township, a rural community in Trumbull County, Ohio. *Sferra v. Shepherd*, 11th Dist. Trumbull No. 2014-T-0123, 2015-Ohio-2902, ¶3. Ralph and Margaret had seven children born from 1950 through 1960: Thomas, Frederick, Marlys, Bryan, Ms. McNelis, Ms. Sferra, and Ms. Pirock. *Id*. Marlys passed away in 1998. *Id*.

{¶9} Ralph operated a small truck farm and sold the resulting produce from a stand located on his property. *In re Estate of Crain*, 11th Dist. Trumbull No. 2016-T-0017, 2017-Ohio-2724, ¶3. In his earlier years, Ralph had also worked for the government inspecting agricultural land. *Id*. Tax records indicate the Crains received a gross income

3

of $15,000 to $20,000 per year from the farm. *Id.* The Crains lived a frugal lifestyle. *Id.* Ralph was extremely guarded concerning his financial affairs, which he ran from a small office in the farmhouse that he kept locked. *Id.*

### *Ralph's Alleged Cash*

{¶10} The plaintiffs' underlying concealment action alleges, in part, the existence of six strongboxes owned by Ralph that each contain $130,000 in cash. The plaintiffs allege that they saw these items on separate occasions.

{¶11} Thomas alleges that his mother took him into the office in 2010 when Ralph was hospitalized for pneumonia. *Id.* at ¶4. There were six strongboxes in the office, and his mother opened one, showing him it contained $130,000 in carefully wrapped cash. *Id.* His mother stated that all six boxes contained the same amount of money, evidently as gifts to the six Crain children. *Id.*

{¶12} Ms. McNelis alleges that her father brought her into his office in March 2011 where there were six strongboxes. *Id.* at ¶5. Her father opened one and showed her there was $130,000 in cash inside. *Id.* Her father stated that all six boxes contained the same amount and were intended for the Crain children. *Id.* Ms. McNelis also alleges that she last discussed the cash with her father on June 13, 2013.

{¶13} Ms. Sferra alleges that in February 2011, she and her parents took three of the six strongboxes from the office and counted the money contained inside. *Id.* at ¶6. Each contained $130,000. *Id.* Her father told her each box contained the same amount and were meant for the six Crain children. *Id.*

{¶14} Ms. Pirock alleges that she last saw the boxes in her father's office in May 2013. She also alleges possession of a letter from her father dated May 31, 2013 that

4

indicated he was giving the boxes to Frederick until he asked for them to be returned unopened.

{¶15} The plaintiffs asserted serious allegations that Frederick and Bryan unduly influenced Ralph. These allegations included that Frederick and Bryan physically and socially isolated Ralph from the plaintiffs and his grandchildren and engaged in intimidation tactics to assert control over Ralph and his personal affairs, resulting in Ralph changing his estate plan to benefit Frederick and Bryan. *See Sferra* at ¶47, 50-58. According to Frederick and Bryan, their father wanted limited contact with the plaintiffs. *Estate of Crain* at ¶8.

{¶16} Frederick says his father brought four strongboxes to him in May 2013, which he locked in his gun safe. *Id.* at ¶7. After his father's death, he turned the boxes over to Attorney David L. Shepherd ("Attorney Shepherd"), whom the Trumbull County Court of Common Pleas, Probate Division (the "probate court"), had appointed as Special Administrator WWA for Ralph's estate. *Id.*

{¶17} According to Attorney Shepherd, the four boxes he received from Frederick contained legal documents and $20,379.80 in cash. *Id.* Frederick was present during the inventory of the four boxes, as was an associate of Attorney Douglas J. Neuman ("Attorney Neuman"), who was and remains Frederick's counsel. Attorney Shepherd stated that he had extended an invitation to the plaintiffs' former counsel, Attorney Michael Rossi ("Attorney Rossi"), for the plaintiffs to attend the inventory, but none of them appeared. Ms. Sferra and Thomas testified that they sat in the waiting room of Attorney Rossi's office for several hours expecting a telephone call from Attorney Shepard to

5

attend the inventory. When Attorney Rossi finally directed Ms. Sferra to go to Attorney Shepherd's office, the money had already been counted.

### Proceedings Regarding Margaret's Estate

{¶18} The plaintiffs have filed a variety of proceedings involving their parents' estates, some of which have involved Ralph's alleged cash.

{¶19} After Margaret passed away in June 2013, the plaintiffs filed an objection in the probate court to the appointment of Ralph as the executor of her estate, alleging that Ralph was not mentally competent. In March 2014, the probate court overruled the objection and appointed Ralph and Attorney Daniel Letson to serve as co-commissioners of Margaret's estate. Ralph passed away approximately three months later in June 2014.

{¶20} According to Frederick's brief, the plaintiffs filed a concealment action in Margaret's estate in July 2014 concerning "essentially the same missing assets," which the probate court dismissed in December 2015 for the plaintiffs' failure to put on any evidence in support of their claims.[1]

{¶21} In November 2014, the plaintiffs filed exceptions to the inventory and appraisal in Margaret's estate, alleging that it should include an undivided one-half interest in Ralph's alleged cash. Following a hearing, the probate court dismissed the exceptions in September 2015, finding no credible evidence that any money in the house was the property of Margaret or was in her possession at the time of her death.

### Proceedings Regarding Ralph's Estate

{¶22} Attorney Neuman represented Ralph prior to his death and prepared his will in April 2013. *McNelis v. Crain*, 11th Dist. Trumbull No. 2016-T-0065, 2016-Ohio-8523,

---

1. The proceedings in the referenced concealment action are not part of the record on appeal.

6

¶2. Under this will, each of his six surviving children stood to inherit from his estate equally. *Id.* Later, Ralph requested that Attorney Neuman prepare a second will, which he did in August 2013. *Id.* Under this instrument, the plaintiffs were bequeathed $10,000 each, and real property and any remainders in the estate were devised and/or bequeathed to Frederick and Bryan. *Id.* Attorney Neuman advised Ralph that the new will could result in a will-contest action following his death. *Id.* Rather than destroy the earlier will, they agreed that Attorney Neuman would keep both documents in his possession. *Id.*

{¶23} After Ralph passed away in June 2014, Attorney Neuman probated the August 2013 will in the probate court. *Id.* at ¶3. In September 2014, the plaintiffs filed a will-contest action in the probate court against Frederick, Bryan, Attorney Neuman, and Attorney Shepherd. *Id.*; *Sferra* at ¶10. The plaintiffs challenged the validity of the August 2013 will, asserting that Ralph was under Frederick's and Bryan's undue influence when he executed it. *McNelis* at ¶3; *Sferra* at ¶10.

{¶24} The matter proceeded to a jury trial, where the plaintiffs presented emotional testimony regarding Frederick's and Bryan's alleged undue influence. *See Sferra* at ¶12-22. After the presentation of evidence, the jury entered a unanimous verdict in favor of the plaintiffs and invalidated the August 2013 will. The probate court entered judgment in the plaintiffs' favor. *Id.* The matter was appealed, and this court affirmed the judgment of the probate court. *See id.* at ¶58, 61.

{¶25} In February 2016, the plaintiffs filed a separate action in the probate court seeking a declaration that Frederick and Bryan withheld Ralph's prior will in violation of R.C. 2107.10(A). *McNelis* at ¶4. The matter proceeded to a jury trial. *Id.* at ¶9. Following

7

the plaintiffs' presentation of evidence, Frederick and Bryan moved for a directed verdict, asserting that the plaintiffs failed to establish they had any knowledge of the prior will until the will-contest trial or had control over it. *Id.* at ¶10. The probate court granted Frederick's and Bryan's motion, and this court affirmed the trial court's judgment. *See id.* at ¶11, 22.

{¶26} In November 2014, the plaintiffs filed exceptions to the amended inventory and appraisal Attorney Shepard had filed in Ralph's estate based on the exclusion of Ralph's alleged cash. *Estate of Crain* at ¶2. Following a hearing on the exceptions, the probate court issued a judgment entry in February 2016 dismissing them. *Id.* The plaintiffs appealed, and this court affirmed the trial court's judgment. *See id.* at ¶26. We agreed that the plaintiffs had failed to carry their burden, by clear and convincing evidence, that such assets existed at the time of Ralph's death and should have been included in the amended inventory. *See id.* at ¶24. We noted that if the plaintiffs believed Frederick and Bryan had taken the allegedly missing money, they could have filed an action for concealment pursuant to R.C. 2109.50. *See id.* at ¶23.

### The Underlying Concealment Action

{¶27} In November 2018, the plaintiffs filed a complaint for concealment of assets with a jury demand, alleging that Frederick and Bryan converted and concealed 45 items of Ralph's property listed on an exhibit, including the above-described strongboxes and six white canvas bags each allegedly containing $366 in coins.[2] The trial court issued writs of citation to Frederick and Bryan requiring them to appear for a jury trial on February 21, 2019.

---

2. The plaintiffs originally filed their complaint in June 2017 but voluntarily dismissed it in November 2017.

8

{¶28} Frederick appeared through his counsel, Attorney Neuman, and filed several pretrial motions. Specifically, Frederick filed a motion to strike several items from the exhibit attached to plaintiffs' complaint, arguing that the items were adjudicated in the exceptions to Ralph's estate inventory. Frederick also filed a motion requesting that the trial court admit into evidence the exhibits, records, and testimony that it had previously heard regarding the exceptions to Margaret's estate inventory, the 2014 concealment action relating to Margaret's estate, and the exceptions to Ralph's estate inventory (collectively, "the plaintiffs' prior proceedings").

{¶29} Despite the preceding motion, Frederick filed a motion in limine to limit the presentation of evidence in the plaintiffs' concealment action to documentation, witnesses, and testimony established on or about June 1, 2014 at the time of Ralph's death and not previously entered into evidence in the proceedings in Margaret's and Ralph's estates. Frederick listed purported reasons of avoiding authenticity and admissibility issues, relevancy, repetition, and lack of probative value.

{¶30} Frederick also filed a motion to dismiss the plaintiffs' complaint based on the doctrine of res judicata, arguing that the trial court previously resolved the disputed issues during the plaintiffs' prior proceedings.

{¶31} Attorney Neuman filed a motion to quash a subpoena that the plaintiffs had served upon him to appear and present testimony at the jury trial, arguing that his testimony would involve privileged communications.

{¶32} The plaintiffs filed replies in opposition to Frederick's pretrial motions. The plaintiffs also filed a motion to disqualify Attorney Neuman from representing Frederick in

the concealment action and a motion to continue the trial for the purpose of deposing Attorney Neuman.

{¶33} On the day before the scheduled jury trial, the trial court issued judgments on the parties' pretrial motions. The trial court granted Frederick's motion to admit the evidence from the plaintiffs' prior proceedings.[3] The trial court also granted Frederick's motion in limine and limited the presentation of evidence to that established on or about June 1, 2014 at the time of Ralph's death and not previously entered into evidence in the proceedings in Margaret's and Ralph's estates.

{¶34} The trial court denied Frederick's motion to strike and motion to dismiss, finding that the plaintiffs' standard of proof in a concealment action, i.e., a preponderance of the evidence, was different than the standard of proof in their prior inventory exceptions matter, i.e., clear and convincing evidence. The trial court also denied the plaintiffs' motion to disqualify Attorney Neuman and granted Attorney Neuman's motion to quash the subpoena.

{¶35} Finally, the trial court denied the plaintiffs' motion to continue, finding that it was inappropriate to continue a concealment action to conduct discovery since it is a discovery proceeding.

---

3. The trial court's docket does not reflect that this evidence was filed in the record of the underlying case. Following the plaintiffs' motion to supplement the record on appeal and a remand order from this court, the trial court filed a judgment entry indicating it had considered the following in issuing its judgment entry: (1) the transcript of proceedings and testimony and judgment entry of March 11, 2014 in case no. 2013-CVA-0712 (relating to Margaret's estate), (2) the transcript of hearings and proceedings of December 14, 2015 and the judgment entries of January 19, 2016 and February 4, 2016 in case no. 2014-EST-0464 (relating to Ralph's estate), and (3) the transcript of proceedings and filings in case no. 2017-CVA-0035 (relating to the plaintiffs' voluntarily dismissed concealment action). The referenced materials are part of the record on appeal.

***The Motion Hearing***

{¶36}  On February 21, 2019, the parties appeared for the scheduled jury trial, and the trial court readdressed Frederick's motion in limine and motion to dismiss.  The trial court indicated that counsel was receptive to going on the record with respect to the motions.  Therefore, the trial court vacated its prior rulings and stated it was providing counsel an opportunity to argue "on the record the dismissal and the scope of the evidence."

{¶37}  Frederick's counsel called the plaintiffs as witnesses for the stated purpose of verifying on the record what the plaintiffs' prior proceedings have shown regarding Ralph's assets at the time of his death and whether Frederick and Bryan possessed them.  The questions of Frederick's counsel focused on when the plaintiffs last saw the six strongboxes of cash and whether they ever saw the strongboxes or cash in Frederick's or Bryan's possession.

{¶38}  Attorney Shepherd testified regarding his inventory of the contents of four strongboxes that Frederick brought to him following Ralph's death, which were sealed with duct tape.  He stated that he did not find any credible evidence of any additional funds belonging to Ralph, although he acknowledged that his duty was to simply inventory and preserve estate assets brought to him.

{¶39}  Thomas, Ms. Sferra, and Attorney Shepard testified regarding possible miscommunication issues that prevented Thomas and Ms. Sferra from being present for Attorney Shepherd's inventory of the four strongboxes.

{¶40}  Following the presentation of evidence, Frederick's counsel renewed his motion to dismiss based on the plaintiffs' purported lack of sufficient evidence to place

11

assets at or about the time of Ralph's death and their inability to present evidence showing that Frederick or Bryan possessed the assets.

{¶41} Following argument to and a colloquy with the trial court, the plaintiffs' counsel then elicited testimony from Ms. Sferra regarding the existence and status of the 45 items listed in the plaintiffs' complaint that Frederick and Ralph allegedly converted or concealed.

{¶42} Following a recess, the trial court announced on the record that the plaintiffs agreed to dismiss their claims to all items except the six strongboxes of cash and the six white canvas bags of coins. The trial court instructed the parties to file briefs addressing whether the testimony from the plaintiffs' prior proceedings is admissible at trial. The trial court noted that it had previously granted Frederick's motion to file the evidence from the plaintiffs' prior proceedings in the record and that such materials were available to the parties.

{¶43} Following the hearing, the parties filed two written stipulations. The plaintiffs agreed to partially dismiss their claims as previously described, and the parties agreed to submit briefs to the court as to whether the plaintiffs' testimony in their prior proceedings is admissible at trial.

### The Post-Hearing Briefs

{¶44} In March 2019, Frederick filed a "memorandum in opposition to admissibility of statements." First, Frederick argued that any statements from Margaret or Ralph regarding the alleged strongboxes of cash are hearsay. He contended that the only potential hearsay exception is set forth in Evid.R. 804(B)(5), entitled "statement by a deceased or incompetent person," and it does not apply.

12

{¶45} Second, Frederick argued that to establish a concealment action, assets belonging to Ralph must exist at the time of his death or within a reasonable period of time before his death. He contended that evidence regarding assets that Ralph may have owned in 2011 or 2012 is "irrelevant" in determining what he owned at the time of his death in 2014 or what he did with his assets in the meantime.

{¶46} Third, Frederick argued there is no evidence to establish that Ralph accumulated the alleged cash during his lifetime or that Frederick possessed it.

{¶47} According to Frederick, since the alleged assets could not have existed at the time of Ralph's death and cannot be linked to him, the trial court should dismiss the plaintiffs' concealment action.

{¶48} The plaintiffs filed a "memorandum in opposition of res judicata and reply to motion in limine." First, the plaintiffs argued that by referencing a concealment action in our decision in *Estate of Crain*, *supra,* this court had "condoned further action and conferred jurisdiction" on the trial court.

{¶49} Second, the plaintiffs disputed the res judicata arguments Frederick set forth in his initial motion to dismiss. They argued that a jury should hear the evidence regarding the existence of Ralph's assets under a preponderance of the evidence standard of proof, noting that a jury had previously found in the plaintiffs' favor in the will contest action that Frederick and Bryan had exercised undue influence.

{¶50} Third, the plaintiffs characterized the motion in limine as a "disguised method of dismissing this matter entirely."

{¶51} Finally, the plaintiffs argued that the evidence supports the elements of their concealment action. According to the plaintiffs, the evidence supports a finding that

13

Frederick previously possessed the alleged cash based on prior evidence that Ralph turned over the strongboxes to Frederick, the plaintiffs' testimony that the strongboxes contained substantial amounts of cash, and no evidence of inter vivos gifts. The plaintiffs contended that the evidence also supports a finding of Frederick's and Bryan's concealment based on Attorney Shepherd's inventory of four strongboxes after Ralph's death, which were sealed with duct tape and contained much smaller amounts of cash.

{¶52} The plaintiffs also attached an affidavit from Ms. Pirock incorporating three images depicted on an attached exhibit. According to Ms. Pirock, the images demonstrate that a "receipt" Ralph wrote when he turned the strongboxes over to Frederick in May 2013 was subsequently altered to list only four strongboxes instead of five.

{¶53} The plaintiffs also filed a motion to strike Frederick's post-hearing memorandum as "non-responsive, irrelevant, and repetitious" because Frederick allegedly failed to follow the trial court's briefing schedule. The trial court did not address this motion.

***The Appealed Judgment Entry***

{¶54} The trial court issued a judgment entry on April 8, 2019 granting Frederick's motion in limine and motion to dismiss.

{¶55} First, the trial court found that plaintiffs' prior testimony regarding Ralph's alleged statements were hearsay, and the only potential hearsay exception, Evid.R. 804(B)(5), did not apply.

{¶56} Second, trial court stated that the plaintiffs must establish their concealment action with evidence that (1) the missing assets existed and were titled in Ralph's name

14

at the time of his death, and (2) Frederick and/or Bryan were in possession of the assets at the time of Ralph's death. The trial court determined that Ralph's alleged statements from over three and a half years prior to his death were not "relevant." The trial court also stated that it had determined in a prior proceeding that as of March 10, 2014, Ralph was competent and capable of handling his own affairs and controlling and disposing of his property as he wished. Thus, it granted Frederick's motion in limine and limited the inquiry in the plaintiffs' concealment action to the period of time between March 10, 2014 and June 8, 2014 or Ralph's death on June 9, 2014.

{¶57} Finally, the trial court found that since the "crux" of the plaintiffs' case is built on the admissibility of Ralph's statements, the plaintiffs cannot present and have not offered any additional evidence regarding the existence of the cash during the relevant time period. Therefore, the trial court also granted Frederick's motion to dismiss.

{¶58} The plaintiffs now appeal and raise the following three assignments of error:

{¶59} "[1.] The trial court improperly used a Motion in Limine as a means of excluding important, relevant testimony.

{¶60} "[2.] The trial court misapplied Rule 804(B)(5), Ohio Rules of Evidence, and failed to find that decedent's testimony was not hearsay and was admissible.

{¶61} "[3.] The trial court had no substantive or procedural basis for dismissing this case."

### Concealment of Assets under R.C. 2109.50

{¶62} To properly address the plaintiffs' assignments of error, it is necessary to discuss the nature of the plaintiffs' claim against Frederick and Bryan.

15

{¶63} Pursuant to R.C. 2109.50, "a person interested" in an estate may file a complaint in the probate court "against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, personal property, or choses in action of the estate."

{¶64} R.C. 2109.50 provides for a special statutory proceeding to discover concealed assets of an estate. *In re Estate of Fife*, 164 Ohio St. 449, 453 (1956). A concealment proceeding is classified as an inquisitional discovery proceeding. *Id*. Because it is a discovery proceeding, the action does not proceed in the same fashion as an ordinary civil action between two or more parties where there is a complaint and an answer. *Id*. at 454. Rather, a concealment action notifies the probate court of alleged misconduct, upon which the court must investigate the charge and make a finding of guilt or innocence based on the evidence presented. *Id*.; *see* R.C. 2109.50.

{¶65} The court conducts the required investigation by examining, under oath, the respondent and any witnesses. R.C. 2109.50. The statute provides the court with the power to compel the respondent by citation or other judicial order to appear before the tribunal to be examined as to the matters alleged in the complaint. *See id*. While a concealment action under R.C. 2109.50 is a quasi-criminal special statutory proceeding, it is controlled by the laws governing civil proceedings in the probate court. *Lance v. Boldman*, 9th Dist. Wayne No. 16AP0032, 2018-Ohio-44, ¶33.

**The Motion in Limine**

{¶66} The plaintiffs' first and second assignments of error challenge the trial court's granting of Frederick's motion in limine. Thus, we will address them together.

### *Jurisdiction*

**{¶67}** We will first address this court's jurisdiction. In certain circumstances, appellate courts have found a trial court's ruling on a motion in limine to constitute a final appealable order. *See, e.g., Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 86 (1985), fn. 5. Alternatively, an interlocutory ruling on a motion in limine merges into a final order. *See Brown v. Mabe*, 170 Ohio App.3d 13, 2007-Ohio-90, ¶6 (1st Dist.) (motion in limine merged into the final order granting summary judgment); *Lillie v. Meachem*, 3d Dist. Allen No. 1-09-09, 2009-Ohio-4934, ¶12 (same). Since the trial court's granting of Frederick's dispositive motion is a final order, this court also has jurisdiction to review the trial court's ruling on Frederick's motion in limine.

### *Standard of Review*

**{¶68}** We will not disturb a trial court's ruling on a motion in limine absent an abuse of discretion. *Brannon v. Austinburg Rehab. & Nursing Ctr.*, 190 Ohio App.3d 662, 2010-Ohio-5396, ¶18 (11th Dist.). An abuse of discretion is a term of art reflecting a court's exercise of judgment that fails to comport with the record or logic. *Walters v. Goddard*, 11th Dist. Trumbull No. 2017-T-0082, 2018-Ohio-5184, ¶11. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

**{¶69}** When an appellate court is reviewing a pure issue of law, the mere fact that the reviewing court would decide the issue differently is enough to find error (although harmless errors and errors not preserved for appellate review are not reversible). *Id.* at ¶67, fn. 2. By contrast, where the issue on review has been confided to the discretion of

the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.  *Id.* at ¶67.

### *Motion in Limine as a Motion to Suppress*

{¶70}   In their first assignment of error, the plaintiffs argue that the trial court erred procedurally in granting Frederick's motion in limine by definitively excluding their evidence.

{¶71}   A motion in limine is a "written motion which is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions and statements * * * to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial."  *State v. Grubb*, 28 Ohio St.3d 199, 200-01 (1986).  The power to grant a motion in limine is not conferred by rule or statute but instead lies within the inherent power and discretion of a trial court to control its proceedings.  *Id.* at 201.  Although a motion in limine receives widespread use in Ohio courts, "it is frequently misused and misunderstood."  *Id.*, quoting *Riverside Methodist Hosp. Assn. of Ohio v. Guthrie*, 3 Ohio App.3d 308, 310 (10th Dist.1982).  Part of the confusion concerning motions in limine arises from the two different purposes it can serve.  *Riverside* at 310.

{¶72}   As the Supreme Court of Ohio has explained, a motion in limine may be used in two different ways.  *State v. Maurer*, 15 Ohio St.3d 239, 259 (1984), fn. 14, quoting Palmer, *Ohio Rules of Evidence, Rules Manual* 446 (1984).  First, it may be used as the equivalent of a motion to suppress evidence which is either not competent or improper because of some unusual circumstance.  *Id.*; *see, e.g., Hall v. Bunn*, 11 Ohio St.3d 118, 121 (1984) (motion in limine sought to prohibit evidence that did not conform to the issues raised by the pleadings); *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, ¶1 (9th

18

Dist.) (motion in limine sought to exclude all mediation communications); *but see Carmen v. Madden*, 6th Dist. Lucas No. L-89-285, 1990 WL 174321, *3 (Nov. 9, 1990) ("Because there is no provision in the civil rules for motions to suppress, such motions are not appropriate in civil cases"). Courts have held that this should be "a rare use" of the motion in limine. *See Riverside* at 310.

{¶73} Second, it may be used as a means of raising objection to an area of inquiry to prevent prejudicial questions or statements until the admissibility of the questionable evidence can be determined during the course of the trial. *Maurer* at 259, fn. 14, quoting Palmer at 446. Under the second category, a motion in limine cannot be used to determine the admissibility of evidence. *Riverside* at 310. Rather, it is "only a preliminary interlocutory order precluding questions being asked in a certain area until the court can determine from the total circumstances of the case whether the evidence would be admissible." *Grubb* at 201, quoting Palmer at 446. Thus, a motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue. *Id.* at 201-02. Even where a trial court grants a motion in limine in advance of trial, a party seeking exclusion must object to the evidence at trial. *See Brown, supra*, at ¶11.

{¶74} The determination of whether a motion is a "motion to suppress" or a "motion in limine" does not depend on what it is labeled but on the type of relief it seeks to obtain. *Cuyahoga Falls v. Federspiel*, 9th Dist. Summit No. 12540, 1986 WL 9903, *2 (Sept. 10, 1986).

{¶75} Frederick's post-hearing memorandum was purportedly of the first category, i.e., a motion to suppress, because it sought to completely suppress the

plaintiffs' testimony in their prior proceedings. Similarly, the trial court's judgment entry proclaims in no uncertain terms that the plaintiffs' prior testimony is inadmissible.

{¶76} As previously indicated, this should be a rare use of a motion in limine and should be used only under unusual circumstances. *See Riverside* at 310. In the underlying case, no unusual circumstances existed. *See Bruckner v. Taddie*, 8th Dist. Cuyahoga No. 64567, 1994 WL 66455, *3 (Mar. 3, 1994) (the use of a motion in limine to completely suppress evidence was improper where there were no unusual circumstances). Rather, the purported bases for excluding the plaintiffs' testimony were hearsay and relevancy, which are evidentiary issues that a trial court routinely reviews pursuant to the Ohio Rules of Evidence. Therefore, we conclude that the trial court abused its discretion by definitively excluding the plaintiffs' prior testimony.

### *Inadmissible Hearsay*

{¶77} In their first and second assignments of error, the plaintiffs argue that the trial court erred substantively in granting Frederick's motion in limine.

{¶78} The plaintiffs first contend that the trial court misapplied the hearsay exception set forth in Evid.R. 804(B)(5). "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is not admissible except as otherwise provided in the Ohio Rules of Evidence or other relevant constitutional or statutory provisions. *See* Evid.R. 802. This court has suggested that whether evidence constitutes inadmissible hearsay is an issue of law. *See Morford v. Morford*, 11th Dist. No. 2017-A-0044, 2018-Ohio-3439, ¶12 ("[W]e apply a de novo standard of review to determine whether the evidence at issue here was inadmissible hearsay").

20

{¶79} The trial court found that plaintiff's prior testimony regarding Ralph's alleged statements was hearsay. Presumably, the trial court is referring to Ralph's alleged statements to some of the plaintiffs that each of the six strongboxes contained the same amount of cash and were intended for the six Crain children. Since the plaintiffs were offering these statements to prove the truth of the matters asserted, we agree that they constitute hearsay under Evid.R. 801(C).

{¶80} The trial court then cited the hearsay exception in Evid.R. 804(B)(5), characterizing it as "[t]he only exception to the general hearsay rules," and determined it does not apply to the plaintiffs' testimony regarding Ralph's statements. This exception applies to a "statement * * * made by a decedent" where "(a) the estate or personal representative of the decedent's estate * * * is a party; (b) the statement was made before the death * * *;" and "(c) the statement is offered to rebut testimony by an adverse party on a matter within the knowledge of the decedent * * *." The purpose of Evid.R. 804(B)(5) is to benefit a decedent's representative by allowing the decedent to "speak from the grave" and rebut testimony by an adverse party. (Citations omitted.) *Lance*, *supra*, at ¶20. Courts have found that because of the nature of a R.C. 2109.50 proceeding, the testimony of the decedent is hearsay, and it does not fall within the hearsay exception in Evid.R. 804(B)(5). *See, e.g., id.* at ¶22; *Mancz v. McHenry*, 2d Dist. Montgomery No. 24728, 2012-Ohio-3285, ¶28.

{¶81} Ralph's alleged statements satisfy the second element of Evid.R. 804(B)(5), but the plaintiffs cannot meet the first or third elements. With respect to the first element, Ralph's estate is not a party to the concealment action. Attorney Shepherd, the Special Administrator WWA of Ralph's estate, is a likely trial witness but not a party.

21

{¶82} The plaintiffs contend that they qualify as "representatives" of Ralph's estate because they are acting for the interests of his estate. The case that the plaintiffs cite does not support this proposition and instead involved whether a plaintiff was an interested person entitled to bring a concealment action under R.C. 2109.50. *See Wozniak v. Wozniak*, 90 Ohio App.3d 400, 406 (9th Dist.1993). In fact, Evid.R. 804(B)(5) expressly refers to the "personal representative of the decedent's estate." The Supreme Court of Ohio has defined the term "personal representative" to include only executors and administrators appointed by the probate court. *Ramsey v. Neiman,* 69 Ohio St.3d 508, 509-10 (1994); *see Testa v. Roberts*, 44 Ohio App.3d 161, 167 (6th Dist.1988) (holding that under Evid.R. 804(B)(5), the deceased person must be "a party by representation—an executor or an administrator").

{¶83} With respect to the third element, the plaintiffs' testimony regarding Ralph's alleged statements appear to be part of their case in chief, not evidence offered to rebut testimony from Frederick or Bryan. The hearsay exception in Evid.R. 804(B)(5) is defensive only. *Richards v. Wasylyshyn*, 6th Dist. Lucas No. L-11-1037, 2012-Ohio-3733, ¶27. A party has an unconditional right to present rebuttal testimony on matters which are first addressed in an opponent's case-in-chief and should not be brought in the rebutting party's case-in-chief. *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410 (1994).

{¶84} While the trial court's substantive application of the hearsay exception in Evid.R. 804(B)(5) was correct, the trial court erred procedurally. A court need only consider the hearsay exception in Evid.R. 804(B)(5) if, after an analysis of Evid.R. 801 and 803, the statements appear to be inadmissible hearsay. *Huntington v. Riversource*, 7th Dist. Mahoning No. 14 MA 90, 2015-Ohio-5600, ¶25; *Ament v. Reassure Am. Life Ins.*

22

*Co.*, 180 Ohio App.3d 440, 2009-Ohio-36, ¶30 (8th Dist.). If the statements are either not hearsay at all or are admissible hearsay under Evid.R. 803, then Evid.R. 804(B)(5) is not applicable. *Id.*

{¶85} Under the hearsay exceptions in Evid.R. 803, the availability of the declarant is immaterial. *See id.* Specifically, Evid.R. 803(3) applies to "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will." In other words, the hearsay statement must point towards the future rather than the past, unless it relates to the declarant's will. *Knowlton v. Schultz*, 179 Ohio App.3d 497, 2008-Ohio-5984, ¶36 (1st Dist.).

{¶86} Several courts have found a decedent's statements regarding a party's future inheritance to be admissible under Evid.R. 803(3) as reflecting the decedent's then-existing state of mind and intent for the future. *See, e.g., id.* at ¶39 (involving a decedent's statement to his daughter that she would receive income from a trust after his death); *McGrew v. Popham*, 5th Dist. Licking No. 05 CA 129, 2007-Ohio-428, ¶30 (involving a decedent's statement regarding her intent that property be transferred to certain individuals upon her death); *Brown v. Ralston*, 7th Dist. Belmont No. 14 BE 0051, 2016-Ohio-4916, ¶48 (involving a decedent's statements regarding his intent to transfer property to his granddaughter upon his death); *Ament* at ¶29 (involving a decedent's statements of intent to grant proceeds of insurance policies to certain family members).

23

Therefore, we conclude the trial court abused its discretion by finding the plaintiffs' prior testimony to be inadmissible hearsay.

### *Relevancy*

{¶87} The plaintiffs also contend that the trial court excluded relevant evidence in granting Frederick's motion in limine.

{¶88} All unexcepted relevant evidence is admissible. *See* Evid.R. 402. "Evidence which is not relevant is not admissible." *Id.* "'Relevant evidence' means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. The question of whether evidence is relevant is ordinarily not one of law but rather one which the trial court can resolve based on common experience and logic. *State v. Lyles*, 42 Ohio St.3d 98, 99 (1989); *see State v. Langlois*, 6th Dist. Lucas No. L-11-1313, 2013-Ohio-5177, ¶53 ("[D]etermining relevancy is based on common experience, logic, and discerning analytical connections between the tendered evidence and some fact 'of consequence' to deciding the case").

{¶89} The trial court limited the inquiry in the plaintiffs' concealment action purportedly based on relevancy. However, the trial court did not cite to or purport to apply Evid.R. 401 or 402. Rather, the trial court's "relevancy" finding was made in the context of its determination that the plaintiffs' prior testimony could not establish an element of their concealment action, i.e., that the missing assets existed and were titled in Ralph's name at the time of his death.

{¶90} The inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the

24

estate. *Wozniak, supra, at* 407. This court has recognized that for an asset to belong to a probate estate, the decedent must have title to the asset upon his or her death. *Burns v. Daily*, 114 Ohio App.3d 693, 702 (11th Dist.1996). We have described the question of title to be "the ultimate question to be determined." *Id.* at 703.

{¶91} The plaintiffs' prior testimony tends to prove the existence of the six strongboxes of cash and Ralph's ownership of them. As such, it is relevant. The trial court's "relevancy" finding was essentially a finding that such evidence is not legally sufficient to prove that Ralph had title to the assets upon his death.

{¶92} There is a difference between sufficiency and relevancy. 1 Giannelli, *Baldwin's Oh. Prac. Evid.*, Section 401.4 (3d Ed.2019). Although the evidence as a whole must be sufficient to satisfy a party's burden of production and thus send the issue to the trier of fact, each item of evidence need only advance the inquiry. *Id.*; *see Bourjaily v. United States*, 483 U.S. 171, 179-80 (1987) ("[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it").

{¶93} Thus, a motion in limine may not be used to exclude evidence based on the argument that the evidence is legally insufficient to support a claim. *Vitanza v. First Natl. Supermarkets, Inc.*, 8th Dist. Cuyahoga No. 62906, 1993 WL 226576, *7 (June 24, 1993); *see Bruckner, supra*, at *3 (holding that a party may not use a motion in limine to eliminate the substance of the plaintiff's case-in-chief); *see generally* Trapp & Cronin, *The Motion in Limine as a Trojan Horse*, Ohio Lawyer (Nov./Dec. 2013). Rather, defense counsel bears the primary burden for disposing of meritless or spurious claims by means of timely motions prepared and submitted in accordance with the civil rules. *Krejci v. Halak,* 34 Ohio App.3d 1, 4 (8th Dist.1986). A motion in limine cannot properly be used as a vehicle

to circumvent the requirements of the civil rules. *Id.*; *see Vitanza* at *7 ("[A] motion in limine cannot be used as a substitute for a dispositive motion"); *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 105 (8th Dist.1992) ("An evidentiary motion is not the proper way to dismiss those causes of action not otherwise settled by the parties"). Since the trial court's "relevancy" determination was actually based on the sufficiency of the plaintiffs' evidence to prove Ralph's ownership, we find the trial court abused its discretion.

{¶94} The trial court also based its "relevancy" determination on its March 10, 2014 ruling that Ralph was competent and capable of handling his own affairs. However, the context of this prior ruling was whether Ralph was mentally competent at that time to serve as the executor of Margaret's estate. A decedent's mental capacity is not an element of a concealment action. Further, the plaintiffs did not allege that Ralph was mentally incompetent. The plaintiffs have alleged and previously established that Frederick and Bryan unduly influenced Ralph. *See Sferra*, *supra*, at ¶10, 60. Undue influence does not require an incompetent person, only one that is susceptible. *See Krischbaum v. Dillon*, 58 Ohio St.3d 58, 65 (1991); *Sferra* at ¶36. The trial court's finding of irrelevancy based on its prior order does not comport with logic. Thus, we find an abuse of discretion.

### Material Prejudice

{¶95} A trial court's abuse of discretion must materially prejudice a party for the decision to be reversed. *Banford v. Aldrich Chem. Co. Inc.*, 126 Ohio St.3d 210, 2010-Ohio-2470, ¶38; *see* Civ.R. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties"). Material prejudice may exist where the trial court's erroneous exclusion

of evidence precludes a party from proving his or her case. *See Brown v. Mabe, supra,* at ¶9-10 (finding prejudice where exclusion of a doctor's testimony precluded plaintiff from proving the proximate cause of his medical conditions).

{¶96} The trial court's errors with respect to Frederick's motion in limine were prejudicial to the plaintiffs in the context of Frederick's dispositive motion. If the plaintiffs' evidence had been allowed, they would have been entitled to have it construed most strongly in their favor. *See id.*; Civ.R. 56(C). Accordingly, we find that the trial court's abuse of discretion in granting Frederick's motion in limine materially prejudiced the plaintiffs.

{¶97} The plaintiffs' first and second assignments of error have merit.

**The Motion to Dismiss**

{¶98} In their third assignment of error, the plaintiffs argue that the trial court erred procedurally and substantively in dismissing their concealment action.

***Method of Dismissal***

{¶99} The plaintiffs argue that the trial court improperly dismissed their concealment action by relying on evidence outside of the complaint. Thus, we must determine the procedural vehicle by which the trial court dismissed the plaintiffs' concealment action.

{¶100} Shortly after the plaintiffs filed their complaint, Frederick filed his initial motion to dismiss based on the doctrine of res judicata. Frederick did not identify the civil rule under which he was proceeding. Since he had not filed a responsive pleading, it appears he sought relief pursuant to Civ.R. 12(B)(6), which authorizes a court to dismiss a complaint for failure to state a claim upon which relief can be granted.

{¶101} An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo. *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, ¶33. A motion to dismiss pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). When ruling on a Civ.R. 12(B)(6) motion, a court may not rely upon evidence or allegations outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).

{¶102} Civ.R. 12(B)(6) provides:

{¶103} "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

{¶104} Thus, a court may consider matters outside the face of the complaint only if the court converts a Civ.R. 12(B)(6) motion into a motion for summary judgment and notifies the parties of its intention to do so. *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, ¶10 (10th Dist.). However, a court may generally take judicial notice of at least some matters outside of the pleadings in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment, such as copies of other courts' decisions and judgment entries related to a case before it. *State ex rel. Kolkowski v. Bd. of Commrs. of Lake Cty.*, 11th Dist. Lake No. 2008-L-138, 2009-Ohio-2532, ¶31.

28

{¶105} Frederick's post-hearing memorandum presented matters outside the complaint, including materials from the plaintiffs' prior proceedings apart from judgment entries and court decisions and the plaintiffs' testimony at the motion hearing. The appealed judgment entry reflects the trial court considered such matters, and the trial court's judgment entry following limited remand confirms this. Thus, the trial effectively converted Frederick's motion into a motion for summary judgment. Therefore, we must determine whether the trial court provided the plaintiffs "a reasonable opportunity to present all materials made pertinent to" a motion for summary judgment under Civ.R. 12(B)(6).

### Notice of Conversion

{¶106} The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment and not the dismissal context. *Petrey v. Simon*, 4 Ohio St.3d 154, 155 (1983). The purpose of the notice requirement is to give the opposing party a reasonable opportunity to submit evidence. *Dietelbach v. Ohio Edison Co.*, 11th Dist. Trumbull No. 2004-T-0063, 2005-Ohio-4902, ¶12. When the party opposing the motion does in fact submit such evidence, the need for the notice requirement no longer exists. *Id*.

{¶107} The trial court never explicitly stated that it was converting Frederick's motion to dismiss into a motion for summary judgment under Civ.R. 56. However, at the motion hearing, the trial court heard testimony and engaged in a colloquy with the plaintiffs' counsel that clearly indicated it intended to rule on Frederick's motion to dismiss based on the plaintiffs' evidence rather than the complaint. Further, it specifically

29

instructed the parties to brief the admissibility of the plaintiffs' testimony from their prior proceedings and referenced the availability of the records of those proceedings. In their post-hearing memorandum, the plaintiffs also relied on matters outside their complaint and attached evidentiary material for the trial court's consideration.

{¶108} We note that after Frederick filed his initial pretrial motions, the plaintiffs filed a motion to continue the trial for the purpose of deposing Attorney Neuman, which the trial court denied. Civ.R. 56(F) permits a court to order a continuance for discovery purposes where a party cannot properly respond to a summary judgment motion. As indicated, the plaintiffs sought discovery for trial, not to oppose Frederick's dispositive motion. The plaintiffs did not contend that they could not respond to Frederick's dispositive motion, and the record reflects they filed an opposition the next day. They also filed a post-hearing memorandum where they further opposed Frederick's dispositive motion.

{¶109} Accordingly, we find that the trial court's failure to give the parties formal notice of its conversion of Frederick's motion to dismiss into a motion for summary judgment was harmless.

### *Summary Judgment Standard of Review*

{¶110} Within their third assignment of error, the plaintiffs also challenge the substantive basis of the trial court's dismissal of their concealment action.

{¶111} As indicated, the trial court effectively converted Frederick's motion to dismiss into a motion for summary judgment. We review de novo a trial court's order granting summary judgment. *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶9. A reviewing court will apply the same standard a trial court is

30

required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Id.*

{¶112} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial'. The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt* [75 Ohio St.3d 280 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶40.

{¶113} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112." *Id.*

31

### Civ.R. 56(C) Evidence

{¶114} We first address whether Frederick pointed to evidence permitted under Civ.R. 56(C). Civ.R. 56(C) limits evidentiary material to "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." However, a trial court may properly consider documents other than those specified in Civ.R. 56(C) when no objections are raised. *Dietelbach* at ¶15.

{¶115} Frederick's post-hearing memorandum references materials from the plaintiffs' prior proceedings (other than judgment entries and court decisions) and the transcript of the plaintiffs' testimony during the motion hearing. The transcript qualifies as Civ.R. 56(C) evidence as a "transcript of evidence." Despite the trial court's prior order, however, the materials in the plaintiffs' prior proceedings were not officially filed in the concealment action. While the plaintiffs filed a motion to strike Frederick's post-hearing memorandum, the basis was Frederick's alleged failure to follow the trial court's briefing schedule. The plaintiffs did not specifically object to the material that Frederick referenced in his memorandum, and they also referenced it in their post-hearing memorandum. Thus, the material may be considered.

### Frederick's Burden on Summary Judgment

{¶116} We next address whether Frederick affirmatively demonstrated that the plaintiffs have no evidence to support their claim.

{¶117} To the extent Frederick's arguments rely on the exclusion of the plaintiffs' prior testimony based on hearsay or relevancy, we are not bound by the trial court's evidentiary rulings. As demonstrated above, the trial courts' granting of Frederick's

motion in limine constitutes reversible error. Even if the trial court had properly granted Frederick's motion in limine, it could only constitute a precautionary ruling on the trial court's anticipatory treatment of the evidentiary issues. *See Grubb*, *supra*, at 201-02. By contrast, Civ.R. 56 governs the evidence properly considered in a motion for summary judgment. *Thyssen Krupp Elevator Corp. v. Constr. Plus, Inc.*, 10th Dist. Franklin No. 09AP-788, 2010-Ohio-1649, ¶37. Thus, a defendant's motion in limine and the trial court's ruling on it plays no role in determining a defendant's summary judgment motion. *Id.*

{¶118} In addition, the evidentiary materials Frederick referenced in his post-hearing memorandum relate solely to the alleged strongboxes of cash and do not implicate the alleged canvas bags of coins. Therefore, Frederick has not met his burden on summary judgment regarding these assets.

{¶119} With respect to the alleged cash, Frederick pointed to evidence in the plaintiffs' prior proceedings indicating that its existence was unlikely. This directly *contradicts* the plaintiffs' prior testimony. A court may not weigh the evidence and thereby enter summary judgment to the party with the stronger case. *King v. Hazen*, 11th Dist. Ashtabula No. 2005-A-0031, 2006-Ohio-4823, ¶51.

{¶120} Frederick also argued that the plaintiffs produced no evidence to establish that the alleged cash existed in close proximity to Ralph's date of death. This evidence is not required under R.C. 2109.50.

{¶121} In a concealment action, the plaintiff must establish that the decedent had *title to the asset* upon his or her death. *See Burns*, *supra*, at 702. If title to personal property resides in the decedent upon his or her death, title to that property passes over

to the executor or administrator of the estate. *Id.* If, on the other hand, title does not reside in the decedent upon his or her death, but passed to a third party by inter vivos transaction or gift, then such property may not be included as an estate asset, and may not be retrieved by a summary proceeding in the probate court. *Id.* at 702-03. However, this court has held that in the event of an invalid inter vivos transfer, ownership never passes from the decedent, and these assets are properly part of the estate, albeit wrongfully withheld. *See Rudloff v. Efstathiadis*, 11th Dist. Trumbull No. 2002-T-0119, 2003-Ohio-6686, ¶9. Thus, there is no proximity requirement under R.C. 2109.50 with respect to evidence of the decedent's ownership.

{¶122} The plaintiffs' prior testimony alleges that they personally observed strongboxes containing $130,000 and that Ralph informed them there were six boxes containing the same amount that were intended for each Crain child. *See Estate of Crain* at ¶4-7. Further, Frederick has not claimed the existence of any valid inter vivos transfers. Therefore, we find that the plaintiffs' evidence is sufficient to raise a genuine issue of material fact regarding the existence of the cash and Ralph's ownership of it at his death.

{¶123} While more recent evidence supporting Ralph's ownership may have more probative value, we are not deciding whether the plaintiffs can ultimately prevail on this issue. We are only deciding whether the plaintiffs can overcome summary judgment.

{¶124} Frederick also argued that the plaintiffs produced no evidence to establish that Frederick possessed Ralph's alleged cash. However, R.C. 2109.50 authorizes the filing of a concealment action against "any person suspected [1] of having concealed, embezzled, or conveyed away *or* [2] of being or having been in the possession of" assets

34

belonging to the estate. (Emphasis added.) Thus, a concealment action is not limited to proving a respondent's current or prior possession.

{¶125} Further, the plaintiffs' prior testimony alleges the existence of six strongboxes containing a large amount of cash, and Frederick admitted to receiving possession of four strongboxes in May 2013 which were later determined to contain some amount of cash. *See Estate of Crain* at ¶4-7. At the very least, this demonstrates the existence of genuine issues of material fact regarding Frederick's prior possession of Ralph's alleged cash.

{¶126} We find that Frederick did not meet his burden on summary judgment to affirmatively demonstrate that the plaintiffs have no evidence to prove the elements of their concealment action. Accordingly, the trial court erred by effectively granting summary judgment to Frederick.

{¶127} The plaintiffs' third assignment of error has merit.

{¶128} Based on the foregoing, the judgment of the Trumbull County Court of Common Pleas, Probate Division, is reversed, and this cause is remanded for further proceedings.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.

35